# BOIES, SCHILLER & FLEXNER

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/03/2016

February 1, 2016

**BY EMAIL and HAND DELIVERY**
**TO BE FILED UNDER SEAL**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Application DENIED. The Court is skeptical that Plaintiffs' motion will receive much --- let alone widespread --- publicity. To the extent it does receive publicity, the Court is confident that any potential for prejudice can be addressed through searching voir dire of prospective jurors. *See, e.g.*, *United States v. Martoma*, No. S1 12-CR-973 (PGG), 2014 WL 164181, at *7 (S.D.N.Y. Jan. 9, 2014) (citing cases). Accordingly, Plaintiffs shall immediately file their motion papers on ECF. SO ORDERED.

February 3, 2016

Re: *In Re General Motors LLC Ignition Switch Litigation, No. 14-MD-2543 (JMF) Barthelemy, et al. v. General Motors, LLC, No. 14-cv-5810 (JMF)*

Dear Judge Furman:

Counsel for Plaintiffs Lawrence Barthelemy and Dionne Marie Spain respectfully submit this letter requesting that the Court grant Plaintiffs permission to file one of their Motions *in Limine* under temporary seal. Specifically, Plaintiffs request permission to file under temporary seal their Motion *in Limine* to Preclude Evidence of Mr. Barthelemy's Prior Criminal Record and Arrest (the "Motion"). Plaintiffs also request that all opposition papers and reply papers be temporarily filed under seal.

Plaintiffs understand that leave to file a motion *in limine* under seal is not a request to be made lightly. The federal courts "have recognized a strong presumption of public access to court records." *Video Software 260 Dealers Assoc. v. Orion Pictures Corp.,* 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon v. Warner Comm'cns, Inc.,* 435 U.S. 589, 597–98 (1978)). Papers and exhibits submitted in connection with motions *in limine* are judicial documents and thus enjoy a presumption of public access. *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *1 (S.D.N.Y. Sept. 2, 2014). This presumption must be weighed against "competing considerations," however, including "the privacy interests of those resisting disclosure." *Id.*

Here we submit that the presumption of public access is overcome by the significant public interest in assuring that Plaintiffs have a fair trial in this case. As will be explained in more detail in Plaintiff's anticipated motion, Mr. Barthelemy has a limited criminal record that in no way bears on the issues in this case. At issue is a low level narcotics related conviction from over two decades ago, a misdemeanor conviction for driving while intoxicated, and a misdemeanor arrest for driving while intoxicated that has not resulted in any conviction. None of this involves dishonesty or credibility. None of it is close to being admissible. *See* Fed. R. Evid. 403, 608, 609.

Public litigation of these issues, during the sensitive period of time just before jury selection and the beginning of Bellwether Trial Two, has the potential to taint the available jury pool and reduce the usefulness of this trial to the MDL. As the Court is well aware, closely watched product liability cases litigated in this district, a significant media hub, often attract wide media attention, public scrutiny, and speculation. As already shown in the *Scheuer* case, the GM Bellwether Trials are no exception. The press interest and publicity that has surrounded the *Scheuer* case heightens Plaintiffs' privacy interests as this case is likely to receive even greater press attention that it would have otherwise received. The fact of Mr. Barthelemy's very limited criminal record is a collateral fact and not central to the public interest in or right to have access to the GM Bellwether Trials.

Thus, while Plaintiffs are mindful of the public's right of access, that right of access is outweighed here by the risk that publicity will frustrate the parties' ability to select a neutral jury pool unaffected by media coverage. Moreover, while Plaintiffs understand that their motion referencing Mr. Barthelemy's criminal record cannot remain permanently sealed, his interest in privacy for the duration of trial, when press coverage of these personal details will be most focused, outweighs the public's need to immediately know every detail of Mr. Barthelemy's past. Particularly here, where plaintiffs are willing to enter any necessary stipulation to address any tangential relevance of these convictions, we are concerned that the public filing of these applications themselves will result in the harm that the plaintiffs seek to prevent with their motion *in limine*.

In sum, Plaintiffs seek temporary sealing of the Motion and any responsive papers, for the duration of the *Barthelemy* trial. Plaintiffs relatedly seek temporary sealing of the instant letter. Upon conclusion of trial and the delivery of a jury verdict, Plaintiffs intend to immediately seek leave to unseal all of the relevant submissions and have them docketed publicly. In this case, we respectfully submit that the circumstances weigh in favor of temporarily sealing the relevant submissions until the trial has concluded.  No previous application has been made by Plaintiffs for the relief requested herein.

We appreciate the Court's consideration of this application.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Randall W. Jackson
                                              Boies, Schiller & Flexner LLP
                                              *Counsel for Plaintiffs*

Cc: All Counsel of Record