USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/10/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 95

**[Regarding Lance Cooper's Motions To Remove Co-Lead Counsel and for Reconsideration of the Order Approving the 2015 New GM Ignition Switch Qualified Settlement Fund]**

JESSE M. FURMAN, United States District Judge:

Approximately two weeks ago, a handful of multidistrict litigation ("MDL") Plaintiffs represented by attorney Lance Cooper (the "Cooper Plaintiffs") filed a Motion to Remove Co-Lead Counsel and a Motion for Reconsideration of the Order Approving the Establishment of the 2015 New GM Ignition Switch Qualified Settlement Fund.  (*See* Docket Nos. 2179, 2182).  Lead Counsel and New GM both filed briefs in opposition to the motions on February 1, 2016 (*see* Docket Nos. 2200, 2203), and the Cooper Plaintiffs filed a reply on February 5, 2016 (*see* Docket No. 2243; *see also* Docket No. 2244 (Lead Counsel's letter motion to strike)).

Upon review of the foregoing motion papers, and for detailed reasons to be provided in a forthcoming opinion, the Cooper Plaintiffs' motions are both DENIED in their entirety.[1]  As the Court will explain in the opinion to follow, the motions are patently untimely and, to the extent they seek reconsideration of this Court's past orders and decisions, fall far short of meeting the

---

[1] On February 9, 2016, Hilliard Muñoz & Gonzales LLP and Thomas J. Henry Injury Attorneys filed a motion seeking entry of a protective order prohibiting Mr. Cooper "or any other lawyer or firm" from contacting their clients "in violation of Rule 4.2 of the New York Rules of Professional Conduct."  (Docket No. 2258 (the "Protective Order Motion")).  As that motion is obviously not fully briefed, the Court intimates no view on its merits in this Order.

rigorous standards applicable to motions for reconsideration. More fundamentally, the Cooper Plaintiffs provide little or no evidence to support their (sometimes wild) accusations of impropriety and underhandedness on the part of Lead Counsel. (Tellingly, not one of the hundreds of other lawyers representing plaintiffs in this MDL or in parallel state proceedings, including the nine other lawyers that were appointed to the MDL Plaintiffs' Executive Committee, joined Mr. Cooper in making his motions.) With the benefit of 20/20 hindsight, it is easy to criticize some decisions that Lead Counsel have made in this complex and multi-faceted litigation and to present select examples of the push and pull among high-powered plaintiffs' counsel (whose interests are mostly aligned but sometimes competing) that could appear unseemly. The Cooper Plaintiffs do little more than engage in that sort of "Monday morning quarterbacking" and, more to the point, do not even come close to providing a legal basis for the drastic step of removing Lead Counsel in the middle of MDL proceedings that, all things considered, have proceeded remarkably smoothly and swiftly to date.

The Cooper Plaintiffs' attacks on the bellwether trial process and the voluntary settlement between Lead Counsel and New GM of 1,400 of Lead Counsel's own cases also miss their mark. In challenging the former, the Cooper Plaintiffs focus myopically on the outcome of the first bellwether trial, ignoring the many ways in which the litigation of that trial advanced the MDL proceedings as a whole — through rulings on dozens of disputes that will presumptively apply in future trials and the establishment of procedures to govern further proceedings. Additionally, in criticizing Lead Counsel for not urging the Court to include state court cases within the MDL's bellwether process (a strange criticism given that this Court does not have jurisdiction to try cases pending in state courts), the Cooper Plaintiffs conspicuously overlook the fact that, in addition to the five bellwether trials scheduled to take place as part of the MDL, there are at least

*twenty* more trials relating to the ignition switch defect scheduled to begin in state courts between May 2, 2016, and December 4, 2017.[2] Notably, none of those trials involves Lead Counsel; even more notably, Mr. Cooper *himself* is counsel in one of them. Thus, while New GM may have "won" the first bellwether trial, it faces twenty-five more trials (and counting) in the coming months, against a wide array of plaintiffs' lawyers; the outcomes of those trials in the aggregate will ultimately matter more than the outcome of any one trial (especially the outcome of the first bellwether trial, given the lack of a jury verdict and the *sui generis* reasons for New GM's "victory"). In other words, to focus on the outcome of the first bellwether trial — as the Cooper Plaintiffs largely do — is to miss the forest for a single tree.

The Cooper Plaintiffs' broadside against the settlement between New GM and Lead Counsel — a settlement that was announced publicly months ago — has even less merit. For one thing, they cite no legal authority for the proposition that a lawyer who occupies a leadership position in aggregate proceedings outside of the class action context cannot settle some or all of his or her own cases. (Notably, Mr. Cooper — although appointed by the Court to the Plaintiffs' Executive Committee — settled one of *his* own cases with New GM, *Melton v. General Motors LLC*, in March 2015. He provides no explanation for why a private settlement was acceptable for him but is not acceptable for Lead Counsel.) For another, the Cooper Plaintiffs' claims of prejudice border on frivolous. New GM — with a net worth of $35.4 billion (*see* Jan. 21, 2016 Trial Tr. 1260-61) — has more than ample resources both to fund the settlement of Lead

---

[2]  The chart attached to this Order as Exhibit A, a version of which is submitted to the Court by Federal/State Liaison Counsel on a biweekly basis, lists the trial dates and counsel for non-MDL ignition switch trials that have been scheduled. (The Court has redacted the chart to remove contact information for the state judges presiding over those cases.)

Counsel's cases and to satisfy all other claims being pursued against it, and has made clear that it is open to, even interested in, engaging in settlement negotiations with other groups of plaintiffs. (*See* Oct. 9, 2015 Status Conf. Tr. 45 ("New GM is interested and willing to engage in further discussions with other groups . . . . [W]e would certainly invite any lawyer or groups of lawyers who have postbankruptcy accident cases to engage with us . . . as we continue with those types of discussions.")). Given that the pie is more than big enough for everyone with a potentially valid claim to share, Lead Counsel's interests in settling his own cases are not adverse to the interests of other plaintiffs; they are aligned. If anything, by settling for as much money as he could get from New GM, Lead Counsel set a benchmark for other plaintiffs, including the Cooper Plaintiffs, to use in negotiating their own settlements.

In short, the Cooper Plaintiffs' arguments are meritless. Given the seriousness of the Cooper Plaintiffs' allegations and arguments, the Court will, as noted, provide a more detailed analysis of the issues raised by their motions in due course. By providing this brief "bottom-line" ruling, however, the Court hopes to lift any cloud of uncertainty hovering over the status of Lead Counsel, the bellwether trial schedule, and the pending settlement, thereby promoting the orderly management of the multi-district litigation and additional settlements. By doing so, the Court also hopes that plaintiffs' counsel will stop litigating their grievances with one another (especially through the press) and return to focusing on their common adversary, New GM, and on obtaining relief for their respective clients. That is, the Court hopes that counsel — and their clients — can return to focusing on what is truly at stake in this litigation: determining whether and to what extent the plaintiffs in these proceedings are entitled to relief for injuries caused by the acknowledged ignition switch defect in millions of General Motors cars.

As noted, this Order resolves the Cooper Plaintiffs' Motion to Remove Co-Lead Counsel and Motion for Reconsideration of the Order Approving the Establishment of the 2015 New GM Ignition Switch Qualified Settlement Fund.  (Docket Nos. 2179, 2182).  Two arguably related applications remain open: New GM's motion to keep certain documents relating to its settlement with Lead Counsel under seal (Docket No. 2252) and the Protective Order Motion (Docket No. 2258; *see supra* note 1).  Per the Court's Order of yesterday (Docket No. 2255), any opposition to New GM's sealing application shall be filed by February 19, 2016; if any opposition is filed, any reply shall be filed by February 26, 2016.  Any opposition to the Protective Order Motion shall be filed by **February 16, 2016**; any reply shall be filed by **February 18, 2016**.

The Clerk of Court is directed to terminate Docket Nos. 2179 and 2182.[3]

SO ORDERED.

Dated: February 10, 2016
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3]   On February 8, 2016, the Court granted Lead Counsel's request to temporarily seal certain materials, subject to the procedures set forth in Section X of MDL Order No. 77.  (Docket No. 2245).  The deadline to submit letter briefs in accordance with those procedures shall run from the date of the Court's forthcoming opinion, not from the date of this Order.

# Exhibit A

Exhibit 2- GM Non-MDL Trial Settings

February 4, 2016

| State | Trial Judge | Court | Case | Plaintiff's Counsel | Trial Date |
|---|---|---|---|---|---|
| AL | **Hon. Truman M. Hobbs, Jr.** | Montgomery County, AL | *Popwell v. Gen. Motors Co., et al*, No. 03-CV-2014-90170.00 | Christopher Sanspree 334-262-1001 chris.sanspree@sanspreelaw.com | ~~January 11, 2016~~[1] Trial setting to be addressed in April 2016 |
| MO | **Hon. Mark Neill** | City of St. Louis, MO | *Felix, et al. v. General Motors LLC*, No. 1422-CC09472 | Robert L. Langdon Adam W. Graves Langdon & Emison 660-259-6175 bob@lelaw.com adam@lelaw.com  James G. Onder James D. O'Leary Onder, Shelton, O'Leary et al 314-963-9000 onder@onderlaw.com oleary@onderlaw.com | May 2, 2016  ~~February 1, 2016 (not necessarily the trial date)~~ |
| KY | **Hon. Oscar Gayle House** | Leslie County, KY | *Stidham v. General Motors LLC*, No. 14-CI-00177 | Leonard H. Brashear 606-672-3577 lhblaw@tds.net | July 25, 2016 |
| GA | **Hon. Irma Glover** | Cobb County, GA | *Worthington v. General Motors LLC, et al.*, No. 14A-3063-3 | Benjamin Baker Beasley Allen 334-269-2343 Ben.Baker@BeasleyAllen.com | July 25, 2016 |

---

[1] Coordinated Action.  Parties filed a joint motion for a continuance of trial date.

| State | Trial Judge | Court | Case | Plaintiff's Counsel | Trial Date |
|---|---|---|---|---|---|
| TX | **Hon. Robert Schaffer** ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ | Harris County, TX | Texas MDL Bellwether Trial #1- *In re: General Motors Ignition Switch Litigation,* No. 2014-51871; <span style="color:red">Lead Counsel's "A" designated case: *Zachary Stevens, et al. v. General Motors, LLC, et al*</span> | | August 3, 2016 |
| MS | <span style="color:red">**Hon. Jannie M. Lewis**</span> ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | <span style="color:red">Yazoo County, MS</span> | <span style="color:red">*Goins v. Gen. Motors LLC, et al,* No. 2014-CI40</span> | <span style="color:red">John L. Davidson<br>Davidson Bowie Sanders<br>601-932-0028<br>jdavidson@dbslawfirm.net</span> | <span style="color:red">August 3, 2016</span> |
| PA | **Hon. Lisa Rau** ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | Philadelphia County, PA | *Gilbert v. General Motors LLC, et al.,* No. 140500140 | Stewart J. Eisenberg<br>Nancy J. Winkler<br>Daniel J. Sherry<br>Eisenberg, Rothweiler Et Al<br>215-546-6636<br>stewart@erlegal.com<br>nancy@erlegal.com<br>daniel@erlegal.com | <span style="color:red">September 5, 2016</span><br><s>June 6, 2016</s><br>(trial readiness date) |
| FL | **Hon. Paul Byron** ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ | MDFL | *Grant, Courtney v. General Motors LLC,* No. 6:14-cv-02132 | Jason L. Harr<br>Noah James Prosser<br>The Harr Law Firm<br>386-226-4866<br>jasonharr@harrlawfirm.com<br>noahprosser@harrlawfirm.com | September 6, 2016 |

| State | Trial Judge | Court | Case | Plaintiff's Counsel | Trial Date |
|---|---|---|---|---|---|
| TX | **Hon. Robert Schaffer** | Harris County, TX | Texas MDL Bellwether Trial #2- *In re: General Motors Ignition Switch Litigation,* No. 2014-51871; New GM's "A" designated case: *Gloria Alexander v. ESIS/General Motors LLC, et al.* | | September 19, 2016 |
| CA | **Hon. Gilbert Ochoa** | San Bernardino, CA | *Polanco, et al. v. General Motors LLC, et al.,* No. CIVRS1200622 | Rob A. Rodriguez<br>Stephen A. King<br>Richard A. Apodaca<br>RODRIGUEZ & KING<br>909-944-3777<br>robr@rodriguezking.com<br>sking@rodriguezking.com<br>apodacar@rodriguezking.com | September 19, 2016 |
| WV | **Hon. Thomas A. Bedell** | Harrison County, W. Va. | *Clark, William, et al. v. General Motors LLC, et al.,* No. 15-C-134-2[2] | Thomas W. Kupec<br>Kupec & Associates, PLLC<br>304-623-6678<br>psprouse81@gmail.com | September 19, 2016 |
| GA | **Hon. Melodie Clayton** | Cobb County, GA | *Pate, et al. v. General Motors LLC, et al.,* No. 14A-2712-1[3] | Lance Cooper<br>The Cooper Firm<br>770-427-5588<br>lance@thecooperfirm.com | October 24, 2016 |

---

[2] Coordinated Action

[3] Coordinated Action

| State | Trial Judge | Court | Case | Plaintiff's Counsel | Trial Date |
|---|---|---|---|---|---|
| IN | **Hon. Jerry Jacobi** | Clark County, IN | *Cull, et al. v. General Motors LLC, et al*; No. 10C02-1404-CT-60[4] | Michael D. Andrews<br>Beasley Allen<br>334-269-2343<br>mike.andrews@beasleyallen.com | November 8, 2016 |
| FL | **Hon. Carlos Rodriguez** | Broward County, FL | *Miller v. General Motors LLC, et al.*, No. CACE-15-002297 | Justin Parafinczuk<br>Marcus J. Susen<br>954-462-6700<br>parafinczuk@kpwlaw.com<br>susen@kpwlaw.com | November 14, 2016[5] |
| CA | **Hon. Josephine L. Staton** | CDCA | *Castillo v. General Motors LLC*; No. 15-01483 JLS (JCGx) | Sasha Tymkowicz<br>Law Offices of Sasha Tymkowicz<br>714-835-8866<br>sasha@oclegal.org | November 15, 2016 |
| CA | **Hon. Dan Thomas Oki** | Los Angeles County, CA | *Mullin, et al v. Gen Motors LLC, et al*; No. BC568381 | Saima Khan<br>The Potts Law Firm<br>713-963-8881<br>skhan@potts-law.com | February 7, 2017 |
| AR | **Hon. D.P. Marshall, Jr.** | EDAR | *Moss v. Gen. Motors LLC*; No. 3:15-cv-00200-DPM | James W. Harris<br>Law Office of James W. Harris<br>870-762-6900<br>Fax: 870-762-2623<br>jwharris1@prodigy.net | February 13, 2017 |
| ~~GA~~ | ~~**Hon. Michael Garrett**~~ | ~~Clayton County, GA~~ | ~~*Grant, Charon v. General Motors LLC, et al.*, No. 2014CV02570MG[6]~~ | ~~David Paul Smith<br>678-508-9558<br>dpsmithlaw50@yahoo.com~~ | ~~Spring 2017~~<br>Case Dismissed |

---

[4] Coordinated Action

[5] Court preliminarily set trial for November 2016, though the parties have agreed to a February 2017 trial setting. The Court expressed its willingness to revisit trial setting once the 2017 trial docket is published.

[6] Coordinated Action

| State | Trial Judge | Court | Case | Plaintiff's Counsel | Trial Date |
|---|---|---|---|---|---|
| PA | Hon. Lesa Gelb | Luzerne County, PA | *Szatkowski, et al. v. General Motors LLC, et al.*, No. 2014-08274-0[7] | Matthew A. Casey<br>Brian J. McCormick<br>Iddo Harel<br>Ross Feller Casey, LLP<br>877-704-8050<br>mcasey@rossfellercasey.com<br>bmccormick@rossfellarcasey.com<br>iharel@rossfellercasey.com | March 22, 2017<br><br>~~August 1, 2016 (on or after).~~ |
| AR | Hon. David H. McCormick | Conway County, AR | *Shumate, et al. v. Gen. Motors LLC, et al.*, No. CV-2015-073 | Dustin McDaniel<br>Mcdaniel Richardson & Calhoun<br>501-235-8336<br>dmcdaniel@mrcfirm.com<br><br>K. Camp Bailey<br>Laurence G. Tien<br>Robert W. Cowan<br>Bailey Peavy Bailey Pllc<br>713-425-7100<br>cbailey@bpblaw.com<br>ltien@bpblaw.com<br>rcowan@bpblaw.com | May 15, 2017 |
| NH | Hon. James D. O'Neill, III | Belknap County, NH | *Estate of Paige E. Garneau, by the Administratrix, Jenny R. Garneau v. General Motors, LLC et al*, No. 211-2015-CV-00192 | A. G. O'Neil, Jr.<br>Normandin, Cheney & O'Neil, PLLC<br>603-524-4380<br>agoneiljr@nco-law.com | December 4, 2017 |

---

[7] Stipulation signed regarding coordination on 5 depositions with MDL 2543. Case not considered a Coordinated Action. Plaintiffs' counsel has signed a Participation Agreement and a Protective Order and will be granted access to the MDL work product of the Plaintiffs.