# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

February 16, 2016

**BY EMAIL and ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> **Re:  *In Re General Motors LLC Ignition Switch Litigation, No. 14-MD-2543 (JMF) Barthelemy, et al. v. General Motors, LLC, No. 14-cv-5810 (JMF)***

Dear Judge Furman:

Counsel for Plaintiffs Lawrence Barthelemy and Dionne Marie Spain respectfully submit this letter requesting that the Court strike a deposition taken today and preclude the defendants from noticing further improper depositions in this matter. While Plaintiffs are reluctant to bring a discovery dispute of this nature to the Court's attention, our attempts to resolve this issue between the parties have failed, and Plaintiffs believe that New GM is abusing the process that the Court has authorized for pre-trial discovery in this case by noticing depositions for witnesses who are not listed by either party and will not be called at trial. Moreover, it is apparent that New GM is using this process to reopen discovery in order to perpetuate testimony in a manner that was never contemplated by the Court in its prior Orders.

On Friday, February 12, 2016, at 7:40 p.m., after extensive discussion between the parties regarding the admissibility of certain documents and plans to conduct depositions, New GM provided Plaintiffs with an Amended "Notice of Videotaped Depositions" that identified, among other witnesses, Michael Benoit, a physician's assistant who treated Mr. Barthelemy. Mr. Benoit was not listed on Plaintiffs' will call witness list. The Notice, which was received on the evening before the start of a holiday weekend, stated that Mr. Benoit's deposition would happen on the very next business day, February 16, 2016, at 8:30 a.m. (CST), in Kenner, Louisiana. Plaintiffs had already accommodated New GM by participating in two short-notice depositions during that week, after the parties' attempts to resolve certain issues by stipulation failed, following an earlier notice of deposition which was withdrawn. During these discussions, Plaintiffs noted that they had been willing to stipulate to the authenticity of any medical records at issue, but New GM informed Plaintiffs that it would only be interested in a stipulation as to complete admissibility.

1

On Sunday, February 14, 2016, after undertaking to review Plaintiffs' previous disclosures and records related to Mr. Benoit, Plaintiffs contacted New GM and notified them that, since Mr. Benoit was not on Plaintiffs' witness list, it was unclear how New GM had authority to notice a deposition at this stage of the litigation. Plaintiffs requested clarification from New GM. The only explanation given by New GM was that defendant "believe[s] he is one of the physicians that saw Barthelemy at West Jefferson." Of course, the Court's Orders relevant to depositions at this stage of the litigation provided that only witnesses identified on the Plaintiffs' witness list who had not been previously deposed should be made available for deposition. *See* Order No. 91 ¶ 2n (referencing Endorsed Letter Docket No. 1676, indicating that "Any witness on the Initial Witness List who has not been deposed in MDL 2543 shall be made available for deposition no later than" approximately one month after the disclosure of Initial Witness Lists).

Moreover, in Order No. 52, the Court instructed that, "[a]ny deposition noticed solely to establish the authenticity or business record status of a document shall be limited strictly to that purpose for the specific document at issue and shall not address any other issues." On Monday, February 15, 2016, Plaintiffs therefore notified New GM that it did not believe any deposition of Mr. Benoit was appropriate at this stage of the litigation, because Mr. Benoit had not been identified on any of Plaintiffs' witness disclosures and the notice given of his deposition was insufficient. New GM suggested that, because Plaintiffs had nonspecifically identified that they intended to call a records custodian from a hospital associated with Mr. Benoit, New GM believed it was entitled to depose Mr. Benoit, even if he was not specifically identified. Plaintiffs therefore clarified that, to the extent that there was any confusion, Plaintiffs had no intention of calling Mr. Benoit and he was therefore an inappropriate witness to be deposed. New GM advised that it nevertheless intended to move forward with the deposition.

On February 16, 2016, Plaintiffs appeared telephonically at the deposition of Mr. Benoit. At the outset of the deposition, we lodged a general objection to the taking of the deposition and its exhibits, requested that New GM not proceed, noted that we intended to challenge the taking and use of the deposition, and that we were participating only to preserve our clients' rights and so as not to inconvenience the Court and opposing counsel. At the deposition, New GM went far beyond the reasonable scope of a deposition focused on authenticating the documents at issue, but instead engaged in extensive questioning regarding medical treatment, opinions on medical care and injury, and related issues. These were all matters on which New GM could have deposed Mr. Benoit during the normal discovery process.

Plaintiffs respectfully submit that the Court should strike this deposition and instruct New GM that it is not permitted to depose witnesses that the Plaintiffs have no intention of calling at trial. Moreover, we respectfully request that the Court instruct New GM that questioning at any depositions of records custodians at this stage of the litigation should be limited pursuant to Order No. 52. New GM has scheduled a number of depositions during two weeks in which a number of critical submissions are due, and the unnecessary length of these depositions has prejudiced Plaintiffs' ability to

adequately address other pending matters. No previous application has been made by Plaintiffs for the relief requested herein.

We appreciate the Court's consideration of this application.

Respectfully submitted,

_____/s/_____
Randall W. Jackson
Boies, Schiller & Flexner LLP
*Counsel for Plaintiffs*

Cc: All Counsel of Record