UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

-------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**[PROPOSED] ORDER NO. __**

JESSE M. FURMAN, United States District Judge:

**[Regarding Procedures for Exhibits and Demonstratives in Bellwether Trial No. 2]**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the use of exhibits and demonstratives for Bellwether Trial No. 2 shall be governed by the following deadlines and procedures:

1. **Trial Exhibits**. The following deadlines and procedures supplement but do not replace the trial exhibit deadlines in Order No. 94 Paragraph 2(e) (Docket No. 2183).

    a. Branded Exhibit Exchange. Order No. 94 Paragraph 2(e) requires the parties to "submit their trial exhibit lists no later than **February 18, 2016**." The parties shall exchange branded copies of the exhibits identified on their February 18, 2016 exhibit list by **Thursday, February 25, 2016**.[1]

    b. Objections. The parties shall exchange objections to trial exhibits by **Thursday, March 3, 2016 at 10:30 a.m. Eastern Time**. The parties shall meet and confer to resolve objections between **Thursday, March 3, 2016** and **Sunday, March 6, 2016**. The parties are encouraged to raise disputes with the Court early regarding objections that the parties cannot resolve through the meet and confer process.[2]

    c. Exhibits Identified After February 18, 2016. Each party may add up to **ten (10) exhibits** to its exhibit list by **Tuesday, March 1, 2016** without a showing of good cause or mutual agreement ("Free Exhibits"). The parties reserve their rights to make evidentiary objections to the Free Exhibits by **Friday, March 4, 2016**. With the exception of the Free Exhibits, the parties may only add additional

---

[1] The parties shall exchange their copies electronically by this date. To the extent that some portion of the exhibit exchange cannot be completed electronically by February 25, 2016, the remaining portion of the branded exhibits shall be physically delivered by February 26, 2016.

[2] This paragraph refers only to objections identifiable pre-trial on the basis of the information in the record at that time.

exhibits after February 18, 2016 <u>by mutual agreement or upon a showing of good cause</u>.

d. <u>Withdrawal of Exhibits.</u>  In the event a party withdraws or removes an exhibit from its exhibit list, any other party may reserve the right to use that exhibit at trial by giving written notice to the other party of its intent to use the exhibit within seven (7) days of receipt of the notification of the withdrawal of said exhibit.

e. <u>Use of Exhibits During Direct Examinations and Cross Examinations.</u>  Exhibits to be utilized for *the direct examination* of a witness shall be exchanged by **7:00 p.m. Eastern Time two days before** the day the exhibits are to be used. Exhibits to be utilized for *the cross examination* of a witness shall be exchanged by **9:00 a.m. Eastern Time one day before** the day the exhibits are to be used.

   i. <u>Objections to Direct Examination Disclosures.</u>   Once exhibits are disclosed for utilization during the *the direct examination* of a witness, the party cross examining that witness shall review the objections it previously lodged to the exhibits disclosed for use on direct examination and (i) reconsider the appropriateness of objections made and remove any and all objections that are no longer applicable or defensible; (ii) add objections <u>only to the extent</u> that it has witness specific objections or other objections that could not have been made at the time of the initial objection exchange; (iii) provide a brief explanation of each objection; and (iv) communicate its objection stance to the other party by **9:00 a.m. Eastern Time one day before** the day the exhibits are to be used.

   ii. <u>Objections to Cross Examination Disclosures.</u>  Once exhibits are disclosed for utilization during the *the cross examination* of a witness, the party conducting the direct examination of that witness shall review the objections it previously lodged to the exhibits disclosed for use on cross examination and (i) reconsider the appropriateness of objections made and remove any and all objections that are no longer applicable or defensible; (ii) add objections <u>only to the extent</u> that it has witness-specific objections or other objections that could not have been made at the time of the initial objection exchange; (iii) provide a brief explanation of each objection; and (iv) communicate its objection stance to the other party by **5:00 p.m. Eastern Time one day before** the day the exhibits are to be used.

   iii. <u>Meet and Confer.</u>  If the parties have remaining objections to any exhibits disclosed, they shall have a telephonic meet and confer by **7:00 p.m. Eastern Time one day before** the day the exhibits are to be used.  The parties are encouraged to meet and confer earlier if possible.

   iv. By way of example, if plaintiffs expect to call a witness in their case in chief on a Monday, they must disclose exhibits to be used on direct examination by 7:00 p.m. Eastern Time on Saturday.  General Motors

        LLC ("New GM") must provide its revised objections and disclose the exhibits it intends to use on cross-examination by 9:00 a.m. Eastern Time on Sunday. Plaintiffs must then provide their revised objections to New GM's disclosures by 5:00 p.m. Eastern Time on Sunday evening. If there are any remaining exhibit objections to be resolved then the parties would meet and confer by 7:00 p.m. Eastern Time on Sunday evening.

   f. <u>Exhibits Used for Impeachment During Cross Examinations.</u> Exhibits used for impeachment purposes need not be disclosed in advance.

   g. <u>Identification of Exhibits and Demonstratives During Trial Examinations</u>. During the course of any examination in front of the jury, whenever an exhibit or demonstrative is being published to the jury, whether direct examination or cross examination, counsel conducting the examination is encouraged to refer to the trial exhibit number (and page number, where a voluminous exhibit is being used) explicitly so that the record is clear as to what documents were shown to the jury.

2. **Demonstratives**.

   a. <u>Use of Demonstratives During Direct Examinations and Cross Examinations.</u> Demonstrative aides to be utilized for *the direct examination* of a witness shall be exchanged by **7:00 p.m. Eastern Time two days before** the day the demonstrative aides are to be used. Demonstrative aides to be utilized for *the cross examination* of a prospective witness shall be exchanged by **4:00 p.m. Eastern Time on the day before they are to be used**. Demonstratives generated in court in the course of a witness examination need not be disclosed in advance.

      i. <u>Objections to Demonstratives Disclosed for Direct Examination.</u> Once demonstratives are disclosed for utilization during *the direct examination* of a witness, the party conducting the cross examination of that witness shall communicate its objections to the demonstrative to the other party by **9:00 a.m. Eastern Time the day before** the day the demonstrative is to be used.

      ii. <u>Objections to Demonstratives Disclosed for Cross Examination.</u> Once demonstratives are disclosed for utilization during *the cross examination* of a witness, the party conducting the direct examination of that witness shall communicate its objections to the demonstrative to the other party by **6:00 p.m. Eastern Time the day before** the day the demonstrative is to be used.

      iii. <u>Meet and Confer.</u> If the parties have remaining objections to any demonstratives disclosed, they shall have a telephonic meet and confer by **7:00 p.m. Eastern Time the day before** the day the demonstratives are to be used. The parties are encouraged to meet and confer earlier if possible.

3. **Resolution of Objections and Admission of Exhibits/Demonstratives**.

a. In order to facilitate the Court's review of and ruling on any unresolved exhibit and/or demonstrative objections, by 8:00 a.m. Eastern Time each morning the parties shall submit a joint chart containing any exhibits and demonstratives that the parties intend to use during the course of the trial day and which are the subject of unresolved objections.  The chart must contain the following information: (i) the relevant exhibit and/or demonstrative numbers; (ii) the party seeking to use and/or admit the exhibit or demonstrative; (iii) a short description of each exhibit or demonstrative; (iv) any unresolved objections; and (v) the parties' positions and argument in favor or in opposition to the admission and/or use of each such exhibit or demonstrative.  Exhibits used for impeachment purposes need not be on this chart.  Copies of the chart must be emailed to the Court's chambers and hard copies must be provided to the Court and the court reporter.

b. In order to maintain an accurate record, each morning by 8:00 a.m. Eastern Time the parties shall submit a joint list containing the exhibit numbers and/or demonstrative numbers that were admitted during the course of the previous trial day, as well as a cumulative list of all exhibits admitted to date at trial.  The list should be emailed to chambers and hard copies should be provided to the Court and the court reporter.

SO ORDERED.

Dated: February __, 2016
  New York, New York

JESSE M. FURMAN
United States District Judge