UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Abney, et al. v. General Motors LLC, 14-CV-5810*
-------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/15/2016_

14-MD-2543 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding Written Voir Dire Juror Questionnaire]**

For the record, attached as Exhibit 1 is a final version of the written questionnaire

distributed to prospective jurors in connection with *voir dire* yesterday.

SO ORDERED.

Dated: March 15, 2016
New York, New York

JESSE M. FURMAN
United States District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAWRENCE BARTHELEMY and DIONNE SPAIN,   :
   :
              Plaintiffs,   :
   :       14-CV-5810 (JMF)
      -v-   :
   :       <u>VOIR DIRE</u>
GENERAL MOTORS LLC,   :
   :
              Defendant.   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

## **<u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.    <u>General Questions</u>

1.    As I noted, this trial is expected to last approximately three to four weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Friday, April 8, 2016?

2.    Do you have any difficulty understanding or reading English?

3.    Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.    Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

6.    Do you have any personal knowledge of the claims in this case as I have described them?

7.    Have you read or heard anything about this case through the media, the Internet, or through any other source?

8.    Would have you have any difficulty obeying my instructions not to read or learn anything about this case outside the courtroom until you are excused as a juror?

9.    Would you have any difficulty obeying my instructions not to communicate in any way about the case until you are excused as a juror — including (but not limited to) communicating by email, on social media, on Twitter, or whatever?

10.    Have you ever studied or practiced law or worked in any capacity for a law office?

11.    Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

12.    Do you think that you could not sit fairly and impartially as a juror in a case involving claims like those in this case?

B.     <u>Knowledge of Parties, Lawyers, and Witnesses</u>

13.     The plaintiffs in this case are Lawrence Barthelemy and Dionne Spain, and they are represented by:

    a.     Randall W. Jackson, Jennifer Altman, Marilyn Kunstler, Steven Davis, Aryeh Kaplan, Joanna Wright, David Garcia-Pedrosa, and Andrew Cahill of Boies, Schiller & Flexner LLP;

    b.     Bob Hilliard and Alyssa Chaplin of Hilliard Munoz Gonzales LLP;

    c.     Kenny Byrd of Lieff Cabraser Heimann & Bernstein LLP; and

    d.     Dan Casey and Molly Hanratty of Paradocs.

Do you know, or have you had any personal or business dealings with, the plaintiffs, their counsel and staff, or their counsel's law firms?

14.     The defendant in this case is General Motors LLC (or GM LLC).  It is represented by:

    a.     Andrew Bloomer, Mike Brock, Richard Godfrey, Barry Fields, Paul Collier, Kimberly Branscome, Mark Nomellini, Brian Sieve, Renee Smith, Leonid Feller, Maria Rivera, and Allan Pixton of Kirkland & Ellis LLP;

    b.     Donnie Guillory of Core Legal; and

    c.     Pete Rowland and Jill Leibold of Litigation Insights.

Do you know, or have you had any personal or business dealings with this defendant, its counsel and staff, or its counsel's law firms?

15.     To your knowledge, do you have any relatives, friends, associates, or employers who have had any dealings with, or been employed by, the parties or any of their attorneys?

16.     Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

C.     <u>Circumstances of the Case</u>

17.     Have you, a family member, or a close friend ever been involved in a motor vehicle accident?

18.     Have you or a close family member ever experienced any back injuries or problems?

19.   Have you or has anyone close to you had education, training, or work experience in the following fields?

    a.   Automotive design, manufacture, repair, or sales;
    b.   Automotive engineering or testing;
    c.   Non-automotive product testing or engineering;
    d.   Accident investigation or reconstruction.

20.   The defendant in this case is a corporation.  It is entitled to be treated the same as an individual person before the law.  Do you have any reason to believe that you would not be able to treat each party, whether an entity or an individual, fairly?

21.   Do you have an opinion about car manufacturers or the automotive industry that would affect your ability to sit fairly and impartially as a juror in this case?

22.   As I have mentioned, the defendant — General Motors LLC or New GM — was created after General Motors Corporation or Old GM declared bankruptcy in 2009.  Would that, or any knowledge you may have with respect to Old GM's bankruptcy, interfere with your ability to be fair and impartial in this case?

23.   As I mentioned earlier, GM LLC acquired some of the liabilities of Old GM.  As I will explain in more detail later, that means that for some purposes, GM LLC can be held liable for the conduct of Old GM; but for some purposes, GM LLC can be held liable only for its own conduct.  Would you have any difficulty obeying my instructions about the distinction between Old GM and GM LLC and which entity's conduct you may (or may not) consider in connection with each issue or claim?

D.   <u>Experience with, and Opinions of, Lawsuits</u>

24.   Have you or has any member of your immediate family ever brought a lawsuit against anyone?

25.   Have you or has any member of your immediate family ever been sued?

26.   Have you or has any member of your immediate family ever appeared as a witness either at a trial or in a grand jury investigation?

27.   Do you have any opinions about lawsuits generally — or about personal injury lawsuits, lawsuits against corporations, or lawsuits against motor vehicle manufacturers in particular — that would affect your ability to sit fairly and impartially as a juror in this case?

28.   Do you believe that simply because someone brings a lawsuit, that must mean that person deserves to get money?

29.   Do you believe that there is anything wrong with a person bringing a claim for money damages if he believes he was damaged through the fault of another person or organization?

30.   Do you have any feelings that would stop you from awarding money damages for medical expenses, physical pain and suffering, or other types of damages if the evidence warranted such an award?

E.     Difficulties in Understanding or Serving

     31.     Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

     32.     Do you have any medical problems that might interfere with your service as a juror in this case (including any inability to sit for long periods of time)?

     33.     In these questions, and in the written questionnaire that you completed last week, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you would be able to serve conscientiously, fairly, and impartially in this case, and render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as I will explain it to you?  In other words, do you have any doubt that you could serve as a fair and impartial juror in this case?