UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Abney, et al. v. General Motors LLC, 14-CV-5810*
-------------------------------------------------------------------------x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:  03/29/2016          │
└─────────────────────────────────┘
```

14-MD-2543 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

     For the record, attached as Exhibit 1 is a copy of the draft jury instructions and verdict form that were discussed at the charge conference on March 28, 2016.  Attached as Exhibit 2 is the final version of the jury instructions and verdict form.

     SO ORDERED.

Dated: March 29, 2016
      New York, New York

                        JESSE M. FURMAN
                     United States District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                     :
LAWRENCE BARTHELEMY and DIONNE SPAIN,    :
                                                                     :
                              Plaintiffs,              :                    14-CV-5810 (JMF)
                                                                     :
              -v-                                                  :
                                                                     :
GENERAL MOTORS LLC,                               :
                                                                     :
                              Defendant.             :
                                                                     :
------------------------------------------------------------------------X

# JURY CHARGE
## (DRAFT FOR CHARGE CONFERENCE)

March 28, 2016

# Table of Contents

**I. GENERAL INTRODUCTORY CHARGES** ................................................................ **4**

    **Role of the Court and the Jury** ......................................................................... **4**

    **Companies as Parties** ...................................................................................... **5**

    **Conduct of Counsel** ........................................................................................ **5**

    **What Is and What Is Not Evidence** ................................................................. **6**

    **Demonstratives** ............................................................................................... **7**

    **Direct and Circumstantial Evidence** ............................................................... **7**

    **Limited Purpose Evidence** .............................................................................. **9**

    **Preponderance of the Evidence** ...................................................................... **10**

    **Credibility of Witnesses** ................................................................................. **10**

    **Preparation of Witnesses** ............................................................................... **12**

    **Expert Witnesses** ........................................................................................... **12**

    **Charts and Summaries** .................................................................................... **13**

    **All Available Evidence Need Not Be Produced** ............................................... **14**

    **Knowledge and Conduct of Corporate Employees** .......................................... **14**

    **GM LLC Versus Old GM** ............................................................................... **15**

**II. NATURE OF THE SUBSTANTIVE CLAIMS** .................................................... **17**

    **Multiple Plaintiffs** ......................................................................................... **17**

    **Products Liability: Overview of the Elements** ................................................. **18**

    **Causation** ....................................................................................................... **21**

**III. DAMAGES** ..................................................................................................... 23

    **Damages Generally** ........................................................................................ **23**

    **Contributing Fault** ......................................................................................... **25**

1

2

3

1    **IV. CONCLUDING INSTRUCTIONS** .................................................................................... 29

    **Selection of Foreperson**.................................................................................................. **29**

    **Right To See Exhibits and Hear Testimony**.................................................................. **29**

    **Juror Note-Taking**............................................................................................................ **29**

    **Duty To Deliberate** .......................................................................................................... **30**

    **Return of the Verdict** ...................................................................................................... **31**

    **Closing Comments**............................................................................................................ **31**

1    **I. GENERAL INTRODUCTORY CHARGES**

2

3    Members of the jury, you have now heard all of the evidence in the case.  It is my duty at

4    this point to instruct you as to the law.  My instructions to you will be in four parts.  First, I will

5    give you general instructions about, for example, your role as the jury, what you can and cannot

6    consider in your deliberations, and the burden of proof.  Second, I will describe the law to be

7    applied to the facts as you find them to be established by the evidence.  Third, I will explain to

8    you the process for calculating and awarding any damages should you find that either or both

9    Plaintiffs are entitled to damages.  Finally, I will give you some instructions with respect to your

10   deliberations.

11   Because my instructions cover many points, I have given you a copy of my instructions

12   to follow along.  (Please limit yourself to following along; that is, do not read ahead in the

13   instructions.)  In addition, you may take your copy of the instructions with you for reference

14   during your deliberations.  You should not single out any instruction as alone stating the law, but

15   you should consider my instructions as a whole when you retire to deliberate in the jury room.

16

17   Role of the Court and the Jury

18   You, the members of the jury, are the sole and exclusive judges of the facts.  You must

19   weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against

20   any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as

21   you determine them.  If either party has stated a legal principle different from any that I state to

22   you in my instructions, it is my instructions that you must follow.

23

1   <u>Companies as Parties</u>

2       As you know, the Defendant in this case is General Motors LLC.  The mere fact that GM

3   is a company does not mean it is entitled to any greater or lesser consideration by you.  All

4   litigants are equal before the law, and companies, big or small, are entitled to the same fair

5   consideration as you would give any other individual party.

6

7   <u>Conduct of Counsel</u>

8       It is the duty of a lawyer to object when the other side offers testimony or other evidence

9   that the lawyer believes is not properly admissible.  Therefore, you should draw no inference

10   from the fact that there was an objection to any evidence.  Nor should you draw any inference

11   from the fact that I sustained or overruled an objection.  Simply because I have permitted certain

12   evidence to be introduced does not mean that I have decided on its importance or significance.

13   That is for you to decide.

14       From time to time, the lawyers and I had sidebar conferences and other conferences out

15   of your hearing.  Those conferences involved procedural and other matters, and none of the

16   events relating to these conferences should enter into your deliberations at all.

17       Finally, the personalities and the conduct of counsel are not in any way in issue.  If you

18   formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable,

19   whether you approved or disapproved of their behavior, those opinions should not enter into your

20   deliberations.

21

1    <u>What Is and What Is Not Evidence</u>

2    As I have told you many times, in reaching a verdict, you must consider only the

3    evidence you have seen and heard in this courtroom.  What, then, is evidence?

4    The evidence in this case is the sworn testimony of the witnesses, including any excerpts

5    of deposition testimony that were read into the record or introduced by video, the exhibits

6    received into evidence, and any stipulations of fact made by the parties.

7    A stipulation of facts, as I told you at the beginning of trial, is an agreement among the

8    parties that a certain fact is true.  You must regard such agreed facts as true.

9    What is not evidence?  The questions posed to a witness are not to be considered by you

10   as evidence.  It is the witnesses' answers that are evidence, not the questions.

11   Testimony that has been stricken or excluded by me is not evidence and may not be

12   considered by you in rendering your verdict.

13   Arguments by the advocates are not evidence.  What you heard during the opening

14   statements and summations is merely intended to help you understand the evidence to reach your

15   verdict.  If, however, your recollection of the facts differs from the statements, you should rely

16   on your recollection.

17   At times, I may have admonished a witness or directed a witness to be responsive to

18   questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

19   questions that I asked, or instructions that I gave, were intended only to clarify the presentation

20   of evidence and to bring out something that I thought might be unclear.  You should draw no

21   inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any

22   party in the case, by reason of any comment, question, or instruction of mine.  Nor should you

1   infer that I have any views as to the credibility of any witness, as to the weight of the evidence,

2   or as to how you should decide any issue that is before you.  That is entirely your role.

3        To constitute evidence, exhibits must first be received in evidence.  Exhibits marked for

4   identification but not admitted (including demonstrative exhibits, which I will discuss more in a

5   moment) are not evidence.  Nor are materials brought forth only to refresh a witness's memory.

6        It is for you and you alone to decide the weight, if any, to be given to the testimony you

7   have heard and the exhibits you have seen.

8

9   <u>Demonstratives</u>

10       During trial, the parties showed you what are called "demonstratives" — illustrations or

11   reproductions of what the parties consider relevant information in this case, such as animations

12   of the accident or the ignition switch.  The demonstratives were shown to you in order to make

13   the other evidence more meaningful and to aid you in considering the evidence. They are no

14   better than the evidence upon which they are based, and are not themselves independent

15   evidence.  Therefore, you are to give no greater consideration to these demonstratives than you

16   would give to the evidence upon which they are based.

17       It is for you to decide whether the demonstratives correctly present the information

18   contained in the exhibits on which they were based.  You may consider the demonstratives if you

19   find that they are of assistance to you in analyzing and understanding the evidence.

20

21   <u>Direct and Circumstantial Evidence</u>

22       There are two types of evidence that you may properly use in reaching your verdict.  One

23   type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about

1    something he or she knows by virtue of his or her own senses, something he or she has seen, felt,

2    touched, or heard.  Direct evidence may also be in the form of an exhibit.

3            The other type of evidence is circumstantial evidence.  Circumstantial evidence is

4    evidence that tends to prove one fact by proof of other facts.  There is a simple example of

5    circumstantial evidence that is often used in this courthouse.

6            Assume that when you came into the courthouse this morning the sun was shining and it

7    was a nice day.  Assume also that there are no windows in this courtroom.  As you are sitting

8    here, someone walks in with an umbrella that is dripping wet.  Someone else then walks in with a

9    raincoat that is also dripping wet.  Now, because there are no windows in our hypothetical, you

10   cannot look outside the courtroom and see whether or not it is raining.  So you have no direct

11   evidence of that fact.  But on the combination of the facts that I have asked you to assume, it

12   would be reasonable and logical for you to conclude that between the time you arrived at the

13   courthouse and the time these people walked in, it had started to rain.

14           That is all there is to circumstantial evidence.  You can infer on the basis of reason,

15   experience, and common sense from an established fact the existence or the nonexistence of

16   some other fact.  Many facts, such as a person's state of mind, can only rarely be proved by

17   direct evidence.  Circumstantial evidence is of no less value than direct evidence; the law makes

18   no distinction between direct and circumstantial evidence, but simply requires that you, the jury,

19   decide the facts in accordance with the preponderance of all the evidence, both direct and

20   circumstantial.

21

1    Limited Purpose Evidence

2        If certain testimony or evidence was received for a limited purpose, you must follow the

3    limiting instructions I have given.

4        Among other things, as I told you, you may consider evidence regarding other incidents

5    or accidents involving vehicles manufactured by Old GM solely for the purpose of determining

6    whether Old GM had notice or knowledge of a potential defect in the ignition switch in certain

7    vehicles, including the 2007 Saturn Sky.

8        It is for you to determine what weight, if any, to give this evidence.  In determining the

9    weight to give the evidence, you may consider the degree to which the other accidents or

10   incidents were similar to the accident involving Ms. Spain and Mr. Barthelemy.

11       In considering the evidence, however, you should not allow sympathy for the people

12   involved in those other accidents and incidents to color your judgment about the issues you are to

13   decide in this case.

14       In addition, Plaintiffs' Exhibit 2 is a "Consent Order" between the National Highway

15   Traffic Safety Administration (or "NHTSA"), a federal government agency, and GM LLC

16   regarding GM LLC's notifications to NHTSA with regard to the recall of vehicles for the

17   ignition switch defect, including the 2007 Saturn Sky.

18       You should not consider this Consent Order for purposes of determining whether GM

19   LLC's handling of the ignition switch recall violated any federal or state law.  Nor should you

20   consider the Consent Order, or any communications between GM LLC and NHTSA, in deciding

21   whether the ignition switch in Ms. Spain's car was or was not defective; whether the accident on

22   January 24, 2014, was caused by the alleged defect; or whether Ms. Spain or Mr. Barthelemy

23   suffered any injuries as a result of the alleged defect.

1

2    **[Opinion and Order (Docket No. 1791 at 4); Opinion and Order (Docket No. 2362) at 3-14]**

3

4    Preponderance of the Evidence

5        Before I instruct you on the issues you must decide, I want to define for you the standard

6    under which you will decide whether a party has met its burden of proof on a particular issue.

7    The standard that applies in this case for all elements of Plaintiffs' claims is the preponderance of

8    the evidence.  As I told you at the beginning of the trial, proof beyond a reasonable doubt, which

9    is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and

10   you should put it out of your mind.

11       To establish by a preponderance of evidence means that the evidence of the party having

12   the burden of proof must be more convincing and persuasive to you than that opposed to it.  The

13   difference in persuasiveness need not be great: So long as you find that the scales tip, however

14   slightly, in favor of the party with the burden of proof — that what the party claims is more

15   likely than not true — then that element will have been proved by a preponderance of evidence.

16   And here it is important for you to realize that this refers to the quality of the evidence and not to

17   the number of witnesses, the number or variety of the exhibits, or the length of time spent on a

18   subject.  In determining whether any fact has been proved by a preponderance of evidence, you

19   may consider the testimony of all of the witnesses and all of the exhibits.

20

21   Credibility of Witnesses

22       How do you evaluate the credibility or believability of the witnesses?  The answer is that

23   you use your common sense.  You should ask yourselves: Did the witness impress you as honest,

1  open, and candid?  How responsive was the witness to the questions asked on direct examination

2  and on cross-examination?

3        If you find that a witness is intentionally telling a falsehood, that is always a matter of

4  importance you should weigh carefully.  Yet, a witness may be inaccurate, contradictory, or even

5  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

6  determine whether such inconsistencies are significant or inconsequential, and whether to accept

7  or reject all or to accept and reject a portion of the testimony of any witness.  You are not

8  required to accept testimony even though the testimony is uncontradicted and the witness's

9  testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or

10  because of the inherent improbability of the testimony, or for other reasons sufficient to

11  yourselves that the testimony is not worthy of belief.

12        There is no magic formula by which you can evaluate testimony.  You determine for

13  yourself in many circumstances the reliability of statements that are made by others to you and

14  upon which you are asked to rely and act.  You may use the same tests here that you use in your

15  everyday life.

16        In evaluating the credibility of the witnesses, you should take into account any evidence

17  that a witness may benefit in some way from the outcome of the case.  Such interest in the

18  outcome creates a motive to testify falsely and may sway a witness to testify in a way that

19  advances his or her own interests.  Therefore, if you find that any witness whose testimony you

20  are considering may have an interest in the outcome of this trial, then you should bear that factor

21  in mind when evaluating the credibility of his testimony, and accept it with great care.

22        Keep in mind, though, that it does not automatically follow that testimony given by an

23  interested witness is to be disbelieved.  There are many people who, no matter what their interest

1    in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on

2    your own perceptions and common sense, to what extent, if at all, the witness's interest has

3    affected his or her testimony.

4

5    <u>Preparation of Witnesses</u>
6
7          You have heard evidence during the trial that certain witnesses have discussed the facts

8    of the case and their testimony with the lawyers before the witnesses appeared in court.

9    Although you may consider that fact when you are evaluating a witness's credibility, there is

10    nothing either unusual or suspect about a witness meeting with lawyers before testifying so that

11    the witness can be aware of the subjects he or she will be questioned about, focus on the subjects,

12    and have the opportunity to review relevant exhibits before being questioned about them.  In

13    fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the

14    weight you give to the fact or the nature of the witness's preparation for his or her testimony and

15    what inferences you draw from such preparation are matters completely within your discretion.

16

17    <u>Expert Witnesses</u>
18
19          You have heard expert testimony in this case from both Plaintiffs and GM LLC.  As I

20    have told you, when a case involves a matter requiring special knowledge or skill not ordinarily

21    possessed by the average person, an expert is permitted to state his opinion for the information of

22    the Court and jury.  Such testimony is presented to you on the theory that someone who is

23    experienced and knowledgeable in the field can assist you in understanding the evidence or in

24    reaching an independent decision on the facts.

25          The opinion stated by each expert who testified before you was based on particular facts

1   as the expert himself observed them and testified to them before you, or as he or she was told by

2   somebody else or as appeared to him or her from some record, photograph, or video.  You may

3   reject an expert's opinion if you find, from the evidence in this case, that the underlying facts are

4   different from those that formed the basis of the opinion.  You may also reject an expert's

5   opinion if, after careful consideration of all the evidence in the case, including expert and other

6   testimony, you disagree with that opinion.  In other words, you are not required to accept an

7   expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence.

8   Such an opinion is subject to the same rules concerning reliability as the testimony of any other

9   witness, and it is allowed only to aid you in reaching a proper conclusion.

10       In weighing an expert's testimony, you may consider the expert's qualifications,

11   opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply

12   when you are deciding whether or not to believe a witness's testimony.  You may give the expert

13   testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

14   You should not, however, accept a witness's testimony merely because he or she is an expert.

15   Nor should you substitute an expert's opinion for your own reason, judgment, and common

16   sense.  The determination of the facts in this case rests solely with you.

17

18   Charts and Summaries
19
20       Certain charts and summaries have been shown to you solely to help explain or

21   summarize the facts disclosed by other documents that are in evidence.  These charts and

22   summaries are not themselves evidence or proof of any facts.  They purport to summarize other

23   documents that are in evidence, but if you decide that any chart or summary does not correctly

1   reflect the facts shown by the evidence, you should disregard the summary or chart and

2   determine the facts from the underlying evidence itself.

3

4   <u>All Available Evidence Need Not Be Produced</u>

5         The law does not require any party to call as witnesses all persons who may have been

6   present at any time or place involved in the case, or who may appear to have some knowledge of

7   the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all

8   papers and things mentioned in the evidence in the case.

9         You are not to rest your decision on what some absent witness who was not brought in

10   might have testified to, or what he or she might not have testified to.  No party has an obligation

11   to present cumulative testimony.

12         While we're on the subject of things that are not in evidence, you have heard testimony

13   that the ignition switch that was in Ms. Spain's car at the time of the accident on January 24,

14   2014, was replaced a few months later as part of the recall by GM LLC.  As a result, the ignition

15   switch that was in her car at the time of the accident was not examined, inspected, or analyzed by

16   either side's experts.  You should not draw any negative inference against either side as a result.

17

18   <u>Knowledge and Conduct of Corporate Employees</u>

19

20         A company can act only through its agents.  Consequently, when you are considering the

21   substantive rules of law about which I will instruct you, you should understand that a company is

22   generally responsible for the conduct of its agents who are acting in the course of and within the

23   scope of their duties as agents for the company.

1    More specifically, a company can "know" things only through its agents and employees.

2    As a general matter, the knowledge of an individual employee is "imputed" or attributed to his or

3    her employer if the employee acquired the knowledge when he or she was acting within the

4    scope of his or her employment and authority.  That is true even if the employee did not formally

5    communicate the information to his or her employer.

6    An employee is acting within the scope of his or her employment and authority if (1) he

7    or she is engaged in the transaction of business that has been assigned to him or her by his or her

8    employer or (2) he or she is doing anything that may reasonably be said to have been

9    contemplated as part of his or her employment.  It is not necessary that an act or failure to act

10   was expressly authorized by the employer.

11

12   <u>GM LLC Versus Old GM</u>
13
14   As I've told you, there is an important distinction between Old GM and GM LLC, which

15   is the sole defendant in this case.  When Old GM filed for bankruptcy in June 2009, GM LLC

16   purchased some of its assets and assumed some — but not all — of its liabilities.  The two

17   companies are distinct entities as a matter of law and fact.  This means that for some kinds of

18   claims, GM LLC can be held liable for the conduct of Old GM.  For other kinds of claims, GM

19   LLC can be held liable only for its own conduct.  The instructions that I give you in a moment

20   will explain whether you may consider Old GM's conduct or GM LLC's conduct with respect to

21   Plaintiffs' claim.

22

23   **[*See* 3 Fletcher Cyc. Corp. §§ 797-796; *In re Motors Liquidation Co.*, 541 B.R. 104,**

24   **108 (Bankr. S.D.N.Y. 2015); *Marpco, Inc. v. S. States Pipe & Supply*, 377 So.2d 525, 527 (La.**

15

1    **Ct. App. 1979) (adopting "the general agency law that notice or knowledge of an agent,**

2    **while the agency or relationship exits and while the agent is acting within the scope of tis**

3    **authority, is notice and knowledge to his principal")]**

4

5

6

## II. NATURE OF THE SUBSTANTIVE CLAIMS

That completes your general instructions.  Let me turn, then, to the law that applies to the claims in this case.  As you know, this case involves Plaintiffs Dionne Spain and Lawrence Barthelemy, and Defendant General Motors LLC (sometimes referred to as "New GM" or "GM LLC").  Ms. Spain and Mr. Barthelemy seek damages for injuries they allegedly suffered in a car accident that occurred on a bridge in New Orleans on January 24, 2014, while they were driving Ms. Spain's 2007 Saturn Sky — a car that was manufactured by Old GM.

Ms. Spain and Mr. Barthelemy each bring a "manufacturer's product liability" claim under the Louisiana Products Liability Act.  As I told you at the beginning of the case, Plaintiffs' claims are governed by Louisiana law because the accident in this case took place in Louisiana.  As I told you, the fact that the case is being tried here in New York City should not affect your views or deliberations in any way.

You may recall that at the beginning of the case I told you that Ms. Spain was asserting a second kind of claim, for fraudulent misrepresentation.  You will not be asked to deliberate or render a verdict on that claim for reasons that need not concern you.  That is, the fact that you are not being asked to deliberate or render a verdict on Ms. Spain's fraudulent misrepresentation claim should not affect your deliberations on the remaining claims in any way.

Multiple Plaintiffs

Before I turn to the substance of Plaintiffs' claims, however, I should make clear that you must give separate consideration to each claim and each party in this case.  That is, although there are two Plaintiffs in this case, it does not follow that if one is successful in his or her claim, the other is too.

1

2    Products Liability: Overview of the Elements

3

4          As I told you, Ms. Spain and Mr. Barthelemy each bring a claim for "manufacturer's

5    product liability."  There is no dispute that Ms. Spain's 2007 Saturn Sky was manufactured by

6    Old GM.  GM LLC, however, assumed liability from Old GM for claims of this type.  As a result

7    of that, and because GM LLC (which did not exist until July 2009) did not itself manufacture

8    Ms. Spain's car, you should consider only the conduct of Old GM in connection with Plaintiffs'

9    product liability claims; GM LLC's conduct is not relevant to these claims and should not be

10   considered by you with respect to them.

11         To prevail on his or her product liability claim, the Plaintiff you are considering must

12   prove by a preponderance of the evidence that:

13

14         1.   Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because:

15              a.   The car deviated in a material way from Old GM's specifications or

16                   performance standards for the product, or from otherwise identical products

17                   manufactured by Old GM;

18              b.   There was an alternative design for the car that could have prevented the

19                   Plaintiff's injuries, and the likelihood that the car's design would cause his or

20                   her injuries and the seriousness of those injuries outweighed the burden on

21                   Old GM of using that alternative design and the adverse effect of using that

22                   alternative design on the utility of the product; OR

23              c.   At the time the car left Old GM's control, the car had a characteristic that

24                   might cause damage and Old GM failed to use reasonable care (either at the

18

1     time the car left its control or upon learning later about the characteristic that

2     might cause damage) to provide an adequate warning of that characteristic and

3     its danger to users of the product.

4  2. There was actual damage to the Plaintiff's person or property;

5  3. The injury or damage that the Plaintiff suffered was proximately caused by a

6    characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous

7    and existed at the time the product left Old GM's control; AND

8  4. The injury or damage that the Plaintiff suffered arose from a reasonably anticipated

9    use of Ms. Spain's 2007 Saturn Sky by Plaintiffs.

10

11 **[*In re: General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 874778**

12 **(S.D.N.Y. Mar. 3, 2016); Louisiana Civil Law Treatise Civil Jury Instructions §§ 11.1-11.3]**

13

14   <u>Material</u>

15  A "material" deviation in this context is any flaw that makes a product more dangerous

16 than intended.

17

18   **[*Masters v. Courtesy Ford Co., Inc.*, 758 So. 2d 171, 191-92 (La. Ct. App. 1999), *vacated on***

19     ***other grounds by* 765 So. 2d 1056 (2000)]**

20

1      <u>Reasonably Anticipated Use</u>

2      The term "reasonably anticipated use" means use of a product that the manufacturer

3      should reasonably expect of an ordinary person in similar circumstances.

4

5      **[Louisiana Civil Law Treatise Civil Jury Instructions §§ 11.1]**

6

7      <u>Adequate Warning</u>

8      The term "adequate warning" means a warning or instruction that would lead an ordinary

9      user of a product to think about the danger in using the product, and then either to not use it or, if

10     possible, to use it in such a manner as to avoid his injury.

11     If you find that Old GM used reasonable care to provide an adequate warning to the users

12     of the product, then you must consider the effect of that warning in deciding the likelihood that

13     the design of the product would cause the plaintiffs' injuries.

14     There are certain circumstances, however, under which a manufacturer does not have to

15     provide an adequate warning as described above.  A manufacturer does not have to provide such

16     a warning when: (1) the danger of the product is something the ordinary user would know, with

17     the knowledge common to the community as to the product's defect; or (2) the user already

18     knows or reasonably should be expected to know of the dangerous defect of the product that may

19     cause injury.

20

21     **[Louisiana Civil Law Treatise Civil Jury Instructions §§ 11.3]**

22

1       <u>Proximate Cause</u>

2       An act is a proximate cause of an injury if it was a substantial factor in bringing about

3  that injury and if the injury was a reasonably foreseeable consequence of the act.

4

5       **[*See Arcadian Corp. v. Olin Corp*., 824 So. 2d 396, 402-404 (La. Ct. App. 2002); Louisiana**

6                **Civil Law Treatise Civil Jury Instructions § 3.25 (comments)]**

7

8       <u>Compliance with Regulatory Standards</u>

9       You have heard some testimony concerning the Federal Motor Vehicle Safety Standards

10  (or "FMVSS"), which are regulations issued by the federal government.  The FMVSS set certain

11  minimum safety standards that vehicle manufacturers must meet.  Compliance with such

12  standards, however, does not by itself excuse a vehicle manufacturer from products liability.

13

14                **[*Hopper v. Crown*, 646 So. 2d 933, 946 (La. Ct. App. 1994)]**

15
16  <u>Causation</u>
17
18       As I mentioned, to prevail, Plaintiffs must prove that Old GM caused the accident and

19  any resulting damages.  As a result, you may not find GM LLC liable for a claim if you conclude

20  that either the accident or the alleged injuries of the Plaintiff you are considering were caused by

21  a separate, independent, or intervening cause — that is, something other than Old GM's conduct.

22  A separate, independent, or intervening cause is one that breaks the natural and continuous

23  sequence of events flowing from some action or event.

24       But when I say that Plaintiffs' injury must be shown to have been caused by Old GM's

25  conduct, I don't mean that the law recognizes only one cause of an injury, consisting of only one

1  factor or thing, or the conduct of only one person or company.  A number of factors may operate

2  at the same time, either independently or together, to cause injury or damage.  You have to

3  decide whether the Plaintiff you are considering probably would not have suffered the alleged

4  injuries or damages in the absence of Old GM's conduct.  If the Plaintiff probably would have

5  suffered the alleged injuries, if any, no matter what Old GM did, then you will have to decide

6  that the alleged injuries were not caused by Old GM, and render a verdict for GM LLC.  If, on

7  the other hand, the Plaintiff you are considering probably would not have suffered the alleged

8  injuries, if any, in the absence of Old GM's conduct, then you will have to decide that the

9  conduct of Old GM did play a part in the Plaintiffs' alleged injuries and you will have to proceed

10  to the next part of that Plaintiff's case.

11

12  **[Louisiana Civil Law Treatise Civil Jury Instructions § 3:3]**

13

1          III. DAMAGES

2

3    <u>Damages Generally</u>

4          If you conclude that either Ms. Spain or Mr. Barthelemy has met his or her burden of

5    proving liability, then you must determine the damages, if any, to which that Plaintiff is entitled.

6    You should not infer that Ms. Spain or Mr. Barthelemy are entitled to recover damages merely

7    because I am instructing you on how to calculate damages.  It is exclusively your function to

8    decide upon both liability and damages; I am instructing you on damages only so that you will

9    have guidance should you decide that damages are warranted.

10         If you decide that either Mr. Barthelemy or Ms. Spain has established the elements of his

11   or her claim by a preponderance of the evidence, and that GM LLC has failed to establish a

12   defense that would prevent Mr. Barthelemy or Ms. Spain from recovering an award for their

13   alleged injuries or damages, you must decide the question of whether there has been damage to

14   their persons or their property and, if so, the amount of that damage.

15         Under Louisiana law, damages should provide simple reparation — that is, just and

16   adequate compensation for injuries.  Louisiana law does not allow damages for revenge or

17   punishment. Accordingly, the law does not permit you to award of damages to punish GM LLC

18   or to make an example of it to prevent other accidents, and you should include no such amount in

19   your award.  Your award should be designed to fully and fairly compensate the Plaintiff you are

20   considering for any injury, if you find one has occurred, and should not go beyond that amount.

21         The law recognizes the difficulty of translating personal injuries into a dollars and cents

22   figure, but that is what must be done.  You must arrive at a figure that will fairly and adequately

23   compensate the Plaintiff you are considering for the damages he or she has already suffered and

1    that he or she will in all likelihood suffer in the future.  In estimating such damages, you may

2    take into consideration the following elements as to each Plaintiff:

3              (1) physical injury suffered, if any;

4              (2) physical pain and suffering, if any;

5              (3) permanent disability, if any;

6              (4) medical expenses (both past and future), if any; and

7              (5) property damage, if any.

8    In addition, with respect to Mr. Barthelemy and Mr. Barthelemy alone, you may take into

9    consideration the following elements:

10             (1) mental pain and suffering, if any;

11             (2) loss of enjoyment of life, if any; and

12             (3) loss of earnings (both past and future), if any; and

13   In contrast to Mr. Barthelemy, Ms. Spain does not seek damages for the loss of enjoyment of life

14   or for any non-physical pain and suffering (such as emotional distress, mental anguish, or

15   psychological anguish).  Nor does she make any claim that the accident at issue resulted in or

16   contributed to the loss of either employment or earnings (either past or future).

17             As with liability, the Plaintiff you are considering must prove his or her damages by a

18   preponderance of the evidence.  This means, on the one hand, that you are not entitled to award

19   speculative damages for injuries that you think Mr. Barthelemy or Ms. Spain might have suffered

20   or might suffer in the future.  On the other hand, it means that you may make an effort to

21   reasonably approximate the damages that Mr. Barthelemy or Ms. Spain has proved are more

22   probable than not, even though they cannot be computed with mathematical certainty.

1       In reaching a verdict on the question of damages, I caution you not to include anything

2   for the payment of court costs and attorney fees; the law does not consider these as damages

3   suffered by the Plaintiffs.  Also, any amount that you might award to the Plaintiffs is not income

4   within the meaning of the income tax laws.  If you decide to make an award, follow the

5   instructions I have given you, and do not add or subtract from that award on account of federal or

6   state income taxes.  In other words, if you find that the Plaintiff you are considering is entitled to

7   damages, the amount that you award should be the sum that you think will fully and fairly

8   compensate that Plaintiff for his or her injuries, without regard to what he or she may pay his or

9   her attorney or the amount that you might think would be paid in income taxes.

10

11               **[Louisiana Civil Law Treatise Civil Jury Instructions § 18.1]**

12

13   <u>Contributing Fault</u>

14

15       Under Louisiana law, a manufacturer is not liable for the entirety of the harm suffered by

16   a plaintiff if the harm is caused in part by the contributing fault of another party, including the

17   plaintiff him or herself.  In this case, GM LLC has suggested that Ms. Spain's own negligence

18   caused, or contributed to, the accident and the Plaintiffs' alleged injuries.  This is an issue on

19   which GM LLC has the burden of proof.

20       Thus, if you find that a Plaintiff is entitled to damages, you must decide whether GM

21   LLC has proved by a preponderance of the evidence that Ms. Spain failed to conduct herself in

22   accordance with the standard expected of her and thereby contributed to her own injuries or

23   those of Mr. Barthelemy.

1    If you determine that a reduction in Ms. Spain's recovery in this case will provide

2    consumers generally with an incentive to use cars carefully, without requiring an exceptional

3    sacrifice of other interests, you may assign a percentage of fault to Ms. Spain in the manner that I

4    will describe to you.

5    On the other hand, if you determine that a reduction in Ms. Spain's recovery will not

6    realistically serve to promote careful use of cars by consumers, or would drastically reduce the

7    manufacturer's incentive to make a safer product, you may decide not to assign a percentage of

8    fault to Ms. Spain.

9    In this case, the standard applicable to Ms. Spain's conduct is the requirement that she

10   exercise that degree of care that we might reasonably expect a person to exercise for his own

11   safety and protection.  In Louisiana, a motorist is generally expected to keep his or her vehicle

12   under proper control and at a proper speed and to maintain a proper lookout for hazards, which

13   by the use of ordinary care and observation one should be able to see.

14   Again, on this issue GM LLC has the burden of proof.  In other words, GM LLC has the

15   burden of establishing, by a preponderance of the evidence, that Ms. Spain failed to conform to

16   that standard and by that failure contributed to the accident or injuries.  If GM LLC convinces

17   you of that, then you must assign a percentage of fault to Ms. Spain's conduct.  Specifically, you

18   will be asked to assign a percentage of fault to Old GM, on the one hand, and to Ms. Spain, on

19   the other.

20   In assigning percentages of fault to Old GM, on the one hand, and to Ms. Spain, on the

21   other, you may consider both the nature of the negligent conduct and the extent of the causal

22   relationship between the conduct and the injuries or damages of the Plaintiff you are considering.

1       When I say "the nature of the negligent conduct," I mean that you may consider:

2  (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger

3  involved; (2) how great the risk created by the person's conduct was; (3) the importance of what

4  was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary

5  or perhaps superior or inferior; and (5) any extenuating circumstances that might have required

6  that party to act in haste, without proper thought.

7       When I say "the extent of the causal relationship" between the conduct and the injuries, I

8  mean that you may consider the extent to which that party's conduct contributed to the

9  happening of the accident and the injuries or damages of the Plaintiff you are considering.

10       Louisiana law requires that you divide the total responsibility for any damages among all

11  those who were proved to be involved in it whether they are actually parties to this suit or not.

12  You should do this by assigning percentages of fault to Old GM, on the one hand, and to Ms.

13  Spain, on the other, that add up to a total of 100%.  You are free to assign whatever percentages

14  you feel appropriate, and you should do so by answering the questions on the verdict form.  You

15  should only answer those questions, however, if you find that either Ms. Spain or Mr.

16  Barthelemy is entitled to damages from GM LLC.

17

1       If you assign a percentage of fault to Ms. Spain, you should *not* calculate the reduction of

2    damages to be awarded as a result.  In other words, just list the total damages to which you find a

3    Plaintiff is entitled and then separately list the percentages of fault you attribute.  I will take care

4    of applying your findings by doing any necessary calculations.

5

6    **[Louisiana Model Civil Jury Instructions §§ 5.1, 11:12; *id*. § 4:1; *see also Bell v. Jet Wheel***

7    ***Blast*, 462 So.2d 166, 171-72 (La. 1985)]**

8

9

10

1   # IV. CONCLUDING INSTRUCTIONS

2

3   <u>Selection of Foreperson</u>

4   In a few minutes, you are going to go into the jury room and begin your deliberations.

5   Your first task will be to select a foreperson.  The foreperson has no greater voice or authority

6   than any other juror, but is the person who will communicate with me when questions arise or

7   when you have reached a verdict.

8

9   <u>Right To See Exhibits and Hear Testimony</u>

10  Shortly after you retire to deliberate, all of the exhibits will be given to you in the jury

11  room.  If you want any of the testimony read, including any of the testimony that you heard by

12  videotaped deposition, you may also request that.  Keep in mind that if you ask for testimony,

13  however, the court reporter must search through his notes, the parties must agree on what

14  portions of testimony may be called for, and if they disagree I must resolve those disagreements.

15  That can be a time-consuming process.  So please try to be as specific as you possibly can in

16  requesting portions of the testimony, if you do.

17  Your request for testimony — in fact, any communication with the Court — should be

18  made to me in writing, signed by your foreperson, and given to one of the Marshals.

19

20  <u>Juror Note-Taking</u>

21  If any one of you took notes during the course of the trial, you should not show your

22  notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you

23  have taken are to be used solely to assist you.  The fact that a particular juror has taken notes

1   entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes

2   are not to substitute for your recollection of the evidence in the case.  If, during your

3   deliberations, you have any doubt as to any of the testimony, you may — as I just told you —

4   request that the official trial transcript that has been made of these proceedings be read back to

5   you.

6

7   <u>Duty To Deliberate</u>

8          The most important part of this case, members of the jury, is the part that you as jurors

9   are now about to play as you deliberate on the issues of fact.  I know you will try the issues that

10   have been presented to you according to the oath that you have taken as jurors.  In that oath you

11   promised that you would well and truly try the issues joined in this case and a true verdict render.

12          As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

13   opportunity to express your own views.  Every juror should be heard.  No one juror should hold

14   the center stage in the jury room and no one juror should control or monopolize the deliberations.

15   If, after listening to your fellow jurors and if, after stating your own view, you become convinced

16   that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

17   On the other hand, do not surrender your honest convictions and beliefs solely because of the

18   opinions of your fellow jurors or because you are outnumbered.

19          Your verdict must be unanimous.  If at any time you are not in such agreement, you are

20   instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to

21   anyone, including me, at any time during your deliberations.

1    <u>Return of the Verdict</u>

2        We have prepared a Verdict Form for you to use in recording your decisions, a copy of

3    which is attached to these instructions.  Do not write on your individual copies of the Verdict

4    Form.  Ms. Smallman will give the official Verdict Form to Juror Number One, who should give

5    it to the foreperson after the foreperson has been selected.  You should draw no inference from

6    the questions on the Verdict Form as to what your verdict should be.  The questions are not to be

7    taken as any indication that I have any opinion as to how they should be answered.

8        After you have reached a verdict, the foreperson should fill in the Verdict Form and note

9    the date and time, and all jurors agreeing with the verdict should sign the Verdict Form.  The

10   foreperson should then give a note — that is, *not* the Verdict Form itself — to the Court Security

11   Officer outside your door stating that you have reached a verdict.  Do not specify what the

12   verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me

13   in open court when I ask for it.

14       I will stress again that all eight of you must be in agreement with the verdict that is

15   announced in court.  Once your verdict is announced by your foreperson in open court and

16   officially recorded, it cannot ordinarily be revoked.

17

18   <u>Closing Comments</u>

19       Finally, I say this, not because I think it is necessary, but because it is the custom in this

20   courthouse to say it:  You should treat each other with courtesy and respect during your

21   deliberations.

1       All litigants stand equal in this room.  All litigants stand equal before the bar of justice.

2   All litigants stand equal before you.  Your duty is to decide between these parties fairly and

3   impartially, and to see that justice is done.

4       Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided

5   solely by the evidence presented during the trial and the law as I gave it to you, without regard to

6   the consequences of your decision.  You have been chosen to try the issues of fact and reach a

7   verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your

8   clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil

9   lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will

10   arrive at the just verdict.

11       Members of the jury, I ask your patience for a few moments longer, as I need to spend a

12   few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

13   patiently in the jury box, without speaking to each other, and we will return in just a moment to

14   submit the case to you.  Thank you.

1 UNITED STATES DISTRICT COURT
2 SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAWRENCE BARTHELEMY and DIONNE SPAIN,      :
                                                                         :
                                    Plaintiffs,        :
                                                                         :        14-CV-5810 (JMF)
                    -v-                                       :
                                                                         :        VERDICT FORM
GENERAL MOTORS LLC,                            :
                                                                         :
                                    Defendant.         :
------------------------------------------------------------------------X

3                          **PLEASE CIRCLE YOUR ANSWERS**
4
5                          ***All Answers Must Be Unanimous***
6
7    1.  Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn
8        Sky was unreasonably dangerous because it deviated in a material way from Old GM's
9        specifications or performance standards for the product, or from otherwise identical
10       products manufactured by Old GM?
11
12               YES              NO
13
14               ***Regardless of your answer to Question 1, proceed to Question 2.***
15
16   2.  Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn
17       Sky was unreasonably dangerous because there was an alternative design for Ms. Spain's
18       2007 Saturn Sky that could have prevented Plaintiffs' injuries and that Old GM should
19       have adopted that adopted that design?
20
21               YES              NO
22
23               ***Regardless of your answer to Question 2, proceed to Question 3.***
24
25
26                          **[REST OF PAGE LEFT INTENTIONALLY BLANK]**

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

3. Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because, at the time the product left Old GM's control in 2007, the car had a characteristic that might cause damage and Old GM failed to use reasonable care (either at the time the car left its control or upon learning later about the characteristic that might cause damage) to provide an adequate warning of that characteristic and its danger to Ms. Spain?

YES _____     NO _____

*If you answered "Yes" to ANY of the preceding three Questions, then proceed to Question 4.  If you answered "No" to ALL three Questions, then proceed directly to the signature page.*

**As to Ms. Spain:**

4. Did Ms. Spain prove by a preponderance of the evidence that there was actual damage to her person or property?

YES _____     NO _____

*If you answered "Yes," then proceed to Question 5.  If you answered "No," then proceed to Question 7.*

5. Did Ms. Spain prove by a preponderance of the evidence that the injury or damage she suffered was proximately caused by a characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous and existed at the time the product left Old GM's control?

YES _____     NO _____

*If you answered "Yes," then proceed to Question 6.  If you answered "No," then proceed to Question 7.*

6. Did Ms. Spain prove by a preponderance of the evidence that the injury she suffered arose from a reasonably anticipated use of her 2007 Saturn Sky by Plaintiffs?

YES _____     NO _____

*Regardless of your answer to Question 6, proceed to Question 7.*

2

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

**As to Mr. Barthelemy:**

7.  Did Mr. Barthelemy prove by a preponderance of the evidence that there was actual damage to his person or property?

    YES _____        NO _____

    *If you answered "Yes," then proceed to Question 8.  If you answered "No," then proceed to Question 10 on Page 4 (Damages).*

8.  Did Mr. Barthelemy prove by a preponderance of the evidence that the injury or damage he suffered was proximately caused by a characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous and existed at the time the product left Old GM's control?

    YES _____        NO _____

    *If you answered "Yes," then proceed to Question 9.  If you answered "No," then proceed to Question 10 on Page 4 (Damages).*

9.  Did Mr. Barthelemy prove by a preponderance of the evidence that the injury he suffered arose from a reasonably anticipated use of Ms. Spain's 2007 Saturn Sky by Plaintiffs?

    YES _____        NO _____

    *Regardless of your answer to Question 9, proceed to Question 10 on Page 4 (Damages).*

    **[REST OF PAGE LEFT INTENTIONALLY BLANK]**

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

# DAMAGES

*You should complete this Section only if you answered "Yes" to Question 6 OR Question 9.  If you answered "No" to BOTH of those Questions, then proceed to the signature page.*

**As to Ms. Spain:**

10. If, but ONLY if, you answered "Yes" to Question 6, then you should decide on a dollar amount that will compensate Ms. Spain for the damages caused to her.  Ms. Spain proved by a preponderance of the evidence that her damages totaled:

$ _____

*Regardless of your answer to Question 10, proceed to Question 11.*

**As to Mr. Barthelemy:**

11. If, but ONLY if, you answered "Yes" to Question 9, then you should decide on a dollar amount that will compensate Mr. Barthelemy for the damages caused to him.  Mr. Barthelemy proved by a preponderance of the evidence that his damages totaled:

$ _____

*Regardless of your answer to Question 11, proceed to the next page.*

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

4

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

**Contributory Fault:**

12. Did GM LLC prove by a preponderance of the evidence that Ms. Spain was negligent in the operation of her car on January 24, 2014?

 YES          NO

*If you answered "Yes," then proceed to Question 12.  If you answered "No," then proceed to the signature page.*

13. Did GM LLC prove by a preponderance of the evidence that any damages to Ms. Spain or Mr. Barthelemy were caused in part by the contributing fault of Ms. Spain?

 YES          NO

If yes, what percentages of the fault do you attribute to Old GM and to Ms. Spain? (The total of the combined fault must equal 100%.)

 Old GM:                    _____%

 Ms. Spain:                 _____%

 (Total Must Equal 100%)

*Regardless of your response to Question 13, proceed to the signature page.*

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

5

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

1               **SIGNATURES**

2

3   *Sign your names in the space provided below, fill in the date and time, and inform the Court*
4   *Security Officer — with a note, __not__ the Verdict Form itself — that you have reached a verdict.*

5

6   After completing the form, each juror who agrees with this verdict must sign below:

7

8

9   _____        _____

10

11

12   _____        _____

13

14

15   _____        _____

16

17

18   _____        _____

19

20

21   Date and Time:        _____

22

6

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                               :

LAWRENCE BARTHELEMY and DIONNE SPAIN,     :

                       :

                Plaintiffs,        :               14-CV-5810 (JMF)

                       :

       -v-                   :

                       :

GENERAL MOTORS LLC,            :

                       :

              Defendant.     :

                       :
------------------------------------------------------------------------X

# **JURY CHARGE**

March 29, 2016

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ................................................................. 3

    Role of the Court and the Jury ................................................................................ 3

    Companies as Parties ............................................................................................. 4

    Conduct of Counsel ............................................................................................... 4

    What Is and What Is Not Evidence ........................................................................ 5

    Demonstratives ...................................................................................................... 6

    Direct and Circumstantial Evidence ...................................................................... 6

    Limited Purpose Evidence ..................................................................................... 8

    Preponderance of the Evidence .............................................................................. 8

    Credibility of Witnesses ........................................................................................ 9

    Preparation of Witnesses ..................................................................................... 10

    Expert Witnesses ................................................................................................. 11

    Charts and Summaries ......................................................................................... 12

    All Available Evidence Need Not Be Produced .................................................... 12

    Knowledge and Conduct of Corporate Employees ............................................... 13

    GM LLC Versus Old GM .................................................................................... 14

II. NATURE OF THE SUBSTANTIVE CLAIMS ...................................................... 14

    Multiple Plaintiffs ............................................................................................... 15

    Products Liability: Overview of the Elements ...................................................... 15

    Causation ............................................................................................................ 18

III. DAMAGES ....................................................................................................... 19

    Damages Generally ............................................................................................. 19

    Contributing Fault .............................................................................................. 21

IV. CONCLUDING INSTRUCTIONS ..................................................................... 24

    Selection of Foreperson ...................................................................................... 24

    Right To See Exhibits and Hear Testimony ......................................................... 24

    Juror Note-Taking .............................................................................................. 25

    Duty To Deliberate ............................................................................................. 25

    Return of the Verdict .......................................................................................... 26

    Closing Comments .............................................................................................. 27

## I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this point to instruct you as to the law.  My instructions to you will be in four parts.  First, I will give you general instructions about, for example, your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.  Second, I will describe the law to be applied to the facts as you find them to be established by the evidence.  Third, I will explain to you the process for calculating and awarding any damages should you find that either or both Plaintiffs are entitled to damages.  Finally, I will give you some instructions with respect to your deliberations.

Because my instructions cover many points, I have given you a copy of my instructions to follow along.  (Please limit yourself to following along; that is, do not read ahead in the instructions.)  In addition, you may take your copy of the instructions with you for reference during your deliberations.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

### Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.  If either party has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

## Companies as Parties

As you know, the Defendant in this case is General Motors LLC.  The mere fact that GM LLC is a company does not mean it is entitled to any greater or lesser consideration by you.  All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

## Conduct of Counsel

It is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any inference from the fact that I sustained or overruled an objection.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  That is for you to decide.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing.  Those conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Finally, the personalities and the conduct of counsel are not in any way in issue.  If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

**What Is and What Is Not Evidence**

As I have told you many times, in reaching a verdict, you must consider only the evidence you have seen and heard in this courtroom.  What, then, is evidence?

The evidence in this case is the sworn testimony of the witnesses, including any excerpts of deposition testimony that were read into the record or introduced by video, the exhibits received into evidence, and any stipulations of fact made by the parties.

A stipulation of facts, as I told you at the beginning of trial, is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

What is not evidence?  The questions posed to a witness are not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Arguments by the advocates are not evidence.  What you heard during the opening statements and summations is merely intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the facts differs from the statements, you should rely on your recollection.

At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  Nor should you

infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

To constitute evidence, exhibits must first be received in evidence.  Exhibits marked for identification but not admitted (including demonstrative exhibits, which I will discuss more in a moment) are not evidence.  Nor are materials brought forth only to refresh a witness's memory.

It is for you and you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## Demonstratives

During trial, the parties showed you what are called "demonstratives" — illustrations or reproductions of what the parties consider relevant information in this case, such as animations of the accident or the ignition switch.  The demonstratives were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the evidence upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these demonstratives than you would give to the evidence upon which they are based.

It is for you to decide whether the demonstratives correctly present the information contained in the exhibits on which they were based.  You may consider the demonstratives if you find that they are of assistance to you in analyzing and understanding the evidence.

## Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about

something he or she knows by virtue of his or her own senses, something he or she has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume also that there are no windows in this courtroom.  As you are sitting here, someone walks in with an umbrella that is dripping wet.  Someone else then walks in with a raincoat that is also dripping wet.  Now, because there are no windows in our hypothetical, you cannot look outside the courtroom and see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence.  You can infer on the basis of reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.  Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct and circumstantial evidence, but simply requires that you, the jury, decide the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

**Limited Purpose Evidence**

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

Among other things, as I told you, you may consider evidence regarding other incidents or accidents involving vehicles manufactured by Old GM solely for the purpose of determining whether Old GM had notice or knowledge of a potential defect in the ignition switch in certain vehicles, including the 2007 Saturn Sky.

It is for you to determine what weight, if any, to give this evidence.  In determining the weight to give the evidence, you may consider the degree to which the other accidents or incidents were similar to the accident involving Ms. Spain and Mr. Barthelemy.

In considering the evidence, however, you should not allow sympathy for the people involved in those other accidents and incidents to color your judgment about the issues you are to decide in this case.

**Preponderance of the Evidence**

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. The standard that applies in this case for all elements of Plaintiffs' claims is the preponderance of the evidence.  As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish by a preponderance of evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that opposed to it.  The

difference in persuasiveness need not be great: So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof — that what the party claims is more likely than not true — then that element will have been proved by a preponderance of evidence. And here it is important for you to realize that this refers to the quality of the evidence and not to the number of witnesses, the number or variety of the exhibits, or the length of time spent on a subject.  In determining whether any fact has been proved by a preponderance of evidence, you may consider the testimony of all of the witnesses and all of the exhibits.

**Credibility of Witnesses**

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  You should ask yourselves: Did the witness impress you as honest, open, and candid?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance you should weigh carefully.  Yet, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept and reject a portion of the testimony of any witness.  You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.

There is no magic formula by which you can evaluate testimony.  You determine for yourself in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday life.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

**Preparation of Witnesses**

You have heard evidence during the trial that certain witnesses, including expert witnesses, have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or suspect about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits

before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## **Expert Witnesses**

You have heard expert testimony in this case from both Plaintiffs and GM LLC.  As I have told you, when a case involves a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his opinion for the information of the Court and jury.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

The opinion stated by each expert who testified before you was based on particular facts as the expert himself observed them and testified to them before you, or as he or she was told by somebody else or as appeared to him or her from some record, photograph, or video.  You may reject an expert's opinion if you find, from the evidence in this case, that the underlying facts are different from those that formed the basis of the opinion.  You may also reject an expert's opinion if, after careful consideration of all the evidence in the case, including expert and other testimony, you disagree with that opinion.  In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence.  Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness, and it is allowed only to aid you in reaching a proper conclusion.

In weighing an expert's testimony, you may consider the expert's qualifications,

opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute an expert's opinion for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

## Charts and Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by other documents that are in evidence.  These charts and summaries are not themselves evidence or proof of any facts.  They purport to summarize other documents that are in evidence, but if you decide that any chart or summary does not correctly reflect the facts shown by the evidence, you should disregard the summary or chart and determine the facts from the underlying evidence itself.

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to.  No party has an obligation to present cumulative testimony.

While we're on the subject of things that are not in evidence, you have heard testimony that the ignition switch that was in Ms. Spain's car at the time of the accident on January 24, 2014, was replaced a few months later as part of the recall by GM LLC.  As a result, the ignition switch that was in her car at the time of the accident was not examined, inspected, or analyzed by either side's experts.  You should not draw any negative inference against either side as a result.

**Knowledge and Conduct of Corporate Employees**

A company can act only through its agents.  Consequently, when you are considering the substantive rules of law about which I will instruct you, you should understand that a company is generally responsible for the conduct of its agents who are acting in the course of and within the scope of their duties as agents for the company.

More specifically, a company can "know" things only through its agents and employees.  As a general matter, the knowledge of an individual employee is "imputed" or attributed to his or her employer if the employee acquired the knowledge when he or she was acting within the scope of his or her employment and authority.  That is true even if the employee did not formally communicate the information to his or her employer.

An employee is acting within the scope of his or her employment and authority if (1) he or she is engaged in the transaction of business that has been assigned to him or her by his or her employer or (2) he or she is doing anything that may reasonably be said to have been contemplated as part of his or her employment.  It is not necessary that an act or failure to act was expressly authorized by the employer.

**GM LLC Versus Old GM**

As I've told you, there is an important distinction between Old GM and GM LLC, which is the sole defendant in this case.  When Old GM filed for bankruptcy in June 2009, GM LLC purchased some of its assets and assumed some — but not all — of its liabilities.  The two companies are distinct entities as a matter of law and fact.  I will give you further instructions on the importance of the distinction between the two companies in a few minutes.

## II. NATURE OF THE SUBSTANTIVE CLAIMS

That completes your general instructions.  Let me turn, then, to the law that applies to the claims in this case.  As you know, this case involves Plaintiffs Dionne Spain and Lawrence Barthelemy, and Defendant General Motors LLC (sometimes referred to as "New GM" or "GM LLC").  Ms. Spain and Mr. Barthelemy seek damages for injuries they allegedly suffered in a car accident that occurred on a bridge in New Orleans on January 24, 2014, while they were driving Ms. Spain's 2007 Saturn Sky — a car that was manufactured by Old GM.

Ms. Spain and Mr. Barthelemy each bring a "manufacturer's product liability" claim under the Louisiana Products Liability Act.  As I told you at the beginning of the case, Plaintiffs' claims are governed by Louisiana law because the accident in this case took place in Louisiana.  As I told you, the fact that the case is being tried here in New York City should not affect your views or deliberations in any way.

You may recall that at the beginning of the case I told you that Ms. Spain was asserting a second kind of claim, for fraudulent misrepresentation.  You will not be asked to deliberate or render a verdict on that claim for reasons that need not concern you.  That is, the fact that you are

not being asked to deliberate or render a verdict on Ms. Spain's fraudulent misrepresentation claim should not affect your deliberations on the remaining claims in any way.

## Multiple Plaintiffs

Before I turn to the substance of Plaintiffs' claims, however, I should make clear that you must give separate consideration to each claim and each party in this case. That is, although there are two Plaintiffs in this case, it does not follow that if one is successful in his or her claim, the other is too.

## Products Liability: Overview of the Elements

As I told you, Ms. Spain and Mr. Barthelemy each bring a claim for "manufacturer's product liability." There is no dispute that Ms. Spain's 2007 Saturn Sky was manufactured by Old GM. GM LLC, however, assumed liability from Old GM for claims of this type. As a result of that, and because GM LLC (which did not exist until July 2009) did not itself manufacture Ms. Spain's car, you should consider only the conduct of Old GM in connection with Plaintiffs' product liability claims; GM LLC's conduct is not relevant to these claims and should not be considered by you with respect to them.

What that means is that you should disregard all evidence concerning GM LLC's conduct, including portions of the Valukas Report (Plaintiff's Exhibit 1) and the Statement of Facts (Plaintiff's Exhibit 3) that pertain to that conduct, as well as evidence of allegedly similar incidents that occurred after July 2009. You may, however, consider the Valukas Report and the Statement of Facts, as well as other statements of or attributable to GM LLC, to the extent that they shed light on Old GM's conduct before July 2009.

To prevail on his or her product liability claim, the Plaintiff you are considering must prove by a preponderance of the evidence that:

1. Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because:

    a. The car deviated in a material way from Old GM's specifications or performance standards for the product, or from otherwise identical products manufactured by Old GM; OR

    b. There was an alternative design for the car that could have prevented the Plaintiff's injuries, and the likelihood that the car's design would cause his or her injuries and the seriousness of those injuries outweighed the burden on Old GM of using that alternative design and the adverse effect of using that alternative design on the utility of the product; OR

    c. At the time the car left Old GM's control, the car had a characteristic that might cause damage and Old GM failed to use reasonable care (either at the time the car left its control or upon learning later about the characteristic that might cause damage) to provide an adequate warning of that characteristic and its danger to users of the product.

2. There was actual damage to the Plaintiff's person or property;

3. The injury or damage that the Plaintiff suffered was proximately caused by a characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous and existed at the time the product left Old GM's control; AND

4. The injury or damage that the Plaintiff suffered arose from a reasonably anticipated use of Ms. Spain's 2007 Saturn Sky by Plaintiffs.

## Material

A "material" deviation in this context is any flaw that makes a product more dangerous than intended.

## Reasonably Anticipated Use

The term "reasonably anticipated use" means use of a product that the manufacturer should reasonably expect of an ordinary person in similar circumstances.

## Adequate Warning

The term "adequate warning" means a warning or instruction that would lead an ordinary user of a product to think about the danger in using the product, and then either to not use it or, if possible, to use it in such a manner as to avoid his injury.

If you find that Old GM used reasonable care to provide an adequate warning to the users of the product, then you must consider the effect of that warning in deciding the likelihood that the design of the product would cause the plaintiffs' injuries.

There are certain circumstances, however, under which a manufacturer does not have to provide an adequate warning as described above.  A manufacturer does not have to provide such a warning when: (1) the danger of the product is something the ordinary user would know, with the knowledge common to the community as to the product's defect; or (2) the user already knows or reasonably should be expected to know of the dangerous defect of the product that may cause injury.

### Proximate Cause

An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury and if the injury was a reasonably foreseeable consequence of the act.

### Compliance with Regulatory Standards

You have heard some testimony concerning the Federal Motor Vehicle Safety Standards (or "FMVSS"), which are regulations issued by the federal government.  The FMVSS set certain minimum safety standards that vehicle manufacturers must meet.  Compliance with such standards, however, does not by itself excuse a vehicle manufacturer from products liability.

### Causation

As I mentioned, to prevail, Plaintiffs must prove that Old GM caused the accident and any resulting damages.  As a result, you may not find GM LLC liable for a claim if you conclude that either the accident or the alleged injuries of the Plaintiff you are considering were caused by a separate, independent, or intervening cause — that is, something other than Old GM's conduct.  A separate, independent, or intervening cause is one that breaks the natural and continuous sequence of events flowing from some action or event.

But when I say that Plaintiffs' injury must be shown to have been caused by Old GM's conduct, I don't mean that the law recognizes only one cause of an injury, consisting of only one factor or thing, or the conduct of only one person or company.  A number of factors may operate at the same time, either independently or together, to cause injury or damage.  You have to decide whether the Plaintiff you are considering probably would not have suffered the alleged injuries or damages in the absence of Old GM's conduct.  If the Plaintiff probably would have

suffered the alleged injuries, if any, no matter what Old GM did, then you will have to decide

that the alleged injuries were not caused by Old GM, and render a verdict for GM LLC.  If, on

the other hand, the Plaintiff you are considering probably would not have suffered the alleged

injuries, if any, in the absence of Old GM's conduct, then you will have to decide that the

conduct of Old GM did play a part in the Plaintiffs' alleged injuries and you will have to proceed

to the next part of that Plaintiff's case.


### III. DAMAGES

**Damages Generally**

If you conclude that either Ms. Spain or Mr. Barthelemy has met his or her burden of

proving liability, then you must determine the damages, if any, to which that Plaintiff is entitled.

You should not infer that Ms. Spain or Mr. Barthelemy are entitled to recover damages merely

because I am instructing you on how to calculate damages.  It is exclusively your function to

decide upon both liability and damages; I am instructing you on damages only so that you will

have guidance should you decide that damages are warranted.

If you decide that either Mr. Barthelemy or Ms. Spain has established the elements of his

or her claim by a preponderance of the evidence, and that GM LLC has failed to establish a

defense that would prevent Mr. Barthelemy or Ms. Spain from recovering an award for their

alleged injuries or damages, you must decide the question of whether there has been damage to

their persons or their property and, if so, the amount of that damage.

Under Louisiana law, damages should provide simple reparation — that is, just and

adequate compensation for injuries.  Louisiana law does not allow damages for revenge or

punishment. Accordingly, the law does not permit you to award of damages to punish GM LLC

or to make an example of it to prevent other accidents, and you should include no such amount in your award.  Your award should be designed to fully and fairly compensate the Plaintiff you are considering for any injury, if you find one has occurred, and should not go beyond that amount.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done.  You must arrive at a figure that will fairly and adequately compensate the Plaintiff you are considering for the damages he or she has already suffered and that he or she will in all likelihood suffer in the future.

In estimating such damages, you may take into consideration the following elements as to each Plaintiff:

(1) physical injury suffered, if any;

(2) physical pain and suffering, if any;

(3) permanent disability, if any; and

(4) property damage, if any.

In addition, with respect to Ms. Spain and Ms. Spain alone, you may take into consideration as an element of damages any medical expenses (both past and future).

And with respect to Mr. Barthelemy and Mr. Barthelemy alone, you may take into consideration the following elements:

(1) mental pain and suffering, if any;

(2) loss of enjoyment of life, if any; and

(3) loss of earnings (both past and future), if any.

In contrast to Ms. Spain, Mr. Barthelemy does not seek damages for medical expenses.  And in contrast to Mr. Barthelemy, Ms. Spain does not seek damages for the loss of enjoyment of life or for any non-physical pain and suffering (such as emotional distress, mental anguish, or

psychological anguish).  Nor does she make any claim that the accident at issue resulted in or contributed to the loss of either employment or earnings (either past or future).

As with liability, the Plaintiff you are considering must prove his or her damages by a preponderance of the evidence.  This means, on the one hand, that you are not entitled to award speculative damages for injuries that you think Mr. Barthelemy or Ms. Spain might have suffered or might suffer in the future.  On the other hand, it means that you may make an effort to reasonably approximate the damages that Mr. Barthelemy or Ms. Spain has proved are more probable than not, even though they cannot be computed with mathematical certainty.

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the Plaintiffs.  Also, any amount that you might award to the Plaintiffs is not income within the meaning of the income tax laws.  If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes.  In other words, if you find that the Plaintiff you are considering is entitled to damages, the amount that you award should be the sum that you think will fully and fairly compensate that Plaintiff for his or her injuries, without regard to what he or she may pay his or her attorney or the amount that you might think would be paid in income taxes.


**<u>Contributing Fault</u>**

Under Louisiana law, a manufacturer is not liable for the entirety of the harm suffered by a plaintiff if the harm is caused in part by the contributing fault of another party, including the plaintiff him or herself.  In this case, GM LLC has suggested that Ms. Spain's own negligence

caused, or contributed to, the accident and the Plaintiffs' alleged injuries.  This is an issue on which GM LLC has the burden of proof.

Thus, if you find that a Plaintiff is entitled to damages, you must decide whether GM LLC has proved by a preponderance of the evidence that Ms. Spain failed to conduct herself in accordance with the standard expected of her and thereby contributed to her own injuries or those of Mr. Barthelemy.

If you determine that a reduction in Ms. Spain's recovery in this case will provide consumers generally with an incentive to use cars carefully, without requiring an exceptional sacrifice of other interests, you may assign a percentage of fault to Ms. Spain in the manner that I will describe to you.

On the other hand, if you determine that a reduction in Ms. Spain's recovery will not realistically serve to promote careful use of cars by consumers, or would drastically reduce the manufacturer's incentive to make a safer product, you may decide not to assign a percentage of fault to Ms. Spain.

In this case, the standard applicable to Ms. Spain's conduct is the requirement that she exercise that degree of care that we might reasonably expect a person to exercise for his own safety and protection.  In Louisiana, a motorist is generally expected to keep his or her vehicle under proper control and at a proper speed and to maintain a proper lookout for hazards, which by the use of ordinary care and observation one should be able to see.

Again, on this issue GM LLC has the burden of proof.  In other words, GM LLC has the burden of establishing, by a preponderance of the evidence, that Ms. Spain failed to conform to that standard and by that failure contributed to the accident or injuries.  If GM LLC convinces you of that, then you must assign a percentage of fault to Ms. Spain's conduct.  Specifically, you

will be asked to assign a percentage of fault to Old GM, on the one hand, and to Ms. Spain, on the other.

In assigning percentages of fault to Old GM, on the one hand, and to Ms. Spain, on the other, you may consider both the nature of the negligent conduct and the extent of the causal relationship between the conduct and the injuries or damages of the Plaintiff you are considering.

When I say "the nature of the negligent conduct," I mean that you may consider: (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger involved; (2) how great the risk created by the person's conduct was; (3) the importance of what was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary or perhaps superior or inferior; and (5) any extenuating circumstances that might have required that party to act in haste, without proper thought.

When I say "the extent of the causal relationship" between the conduct and the injuries, I mean that you may consider the extent to which that party's conduct contributed to the happening of the accident and the injuries or damages of the Plaintiff you are considering.

Louisiana law requires that you divide the total responsibility for any damages among all those who were proved to be involved in it whether they are actually parties to this suit or not. You should do this by assigning percentages of fault to Old GM, on the one hand, and to Ms. Spain, on the other, that add up to a total of 100%. You are free to assign whatever percentages you feel appropriate, and you should do so by answering the questions on the verdict form. You should only answer those questions, however, if you find that either Ms. Spain or Mr. Barthelemy is entitled to damages from GM LLC.

If you assign a percentage of fault to Ms. Spain, you should *not* calculate the reduction of damages to be awarded as a result. In other words, just list the total damages to which you find a

Plaintiff is entitled and then separately list the percentages of fault you attribute.  I will take care of applying your findings by doing any necessary calculations.

# IV. CONCLUDING INSTRUCTIONS

### Selection of Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise or when you have reached a verdict.

### Right To See Exhibits and Hear Testimony

Shortly after you retire to deliberate, all of the exhibits will be given to you in the jury room.  If you want any of the testimony read, including any of the testimony that you heard by videotaped deposition, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporter must search through his notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your request for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson, and given to one of the Marshals.

**Juror Note-Taking**

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

**Duty To Deliberate**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in such agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

## Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  Ms. Smallman will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.  You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and all jurors agreeing with the verdict should sign the Verdict Form.  The foreperson should then give a note — that is, *not* the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that all eight of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**<u>Closing Comments</u>**

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice. All litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer, as I need to spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LAWRENCE BARTHELEMY and DIONNE SPAIN,    :

   :

          Plaintiffs,    :

   :        14-CV-5810 (JMF)

       -v-    :

   :        <u>VERDICT FORM</u>

GENERAL MOTORS LLC,    :

   :

          Defendant.    :

------------------------------------------------------------------X

**PLEASE CIRCLE YOUR ANSWERS**

***All Answers Must Be Unanimous***

1.  Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because it deviated in a material way from Old GM's specifications or performance standards for the product, or from otherwise identical products manufactured by Old GM?

        YES           NO

***Regardless of your answer to Question 1, proceed to Question 2.***

2.  Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because there was an alternative design for Ms. Spain's 2007 Saturn Sky that could have prevented Plaintiffs' injuries and that Old GM should have adopted that adopted that design?

        YES           NO

***Regardless of your answer to Question 2, proceed to Question 3.***

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

3. Did Plaintiffs prove by a preponderance of the evidence that Ms. Spain's 2007 Saturn Sky was unreasonably dangerous because, at the time the product left Old GM's control in 2007, the car had a characteristic that might cause damage and Old GM failed to use reasonable care (either at the time the car left its control or upon learning later about the characteristic that might cause damage) to provide an adequate warning of that characteristic and its danger to Ms. Spain?

        YES          NO

*If you answered "Yes" to ANY of the preceding three Questions, then proceed to Question 4.  If you answered "No" to ALL three Questions, then proceed directly to the signature page.*

**As to Ms. Spain:**

4. Did Ms. Spain prove by a preponderance of the evidence that there was actual damage to her person or property?

        YES          NO

*If you answered "Yes," then proceed to Question 5.  If you answered "No," then proceed to Question 7.*

5. Did Ms. Spain prove by a preponderance of the evidence that the injury or damage she suffered was proximately caused by a characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous and existed at the time the product left Old GM's control?

        YES          NO

*If you answered "Yes," then proceed to Question 6.  If you answered "No," then proceed to Question 7.*

6. Did Ms. Spain prove by a preponderance of the evidence that the injury she suffered arose from a reasonably anticipated use of her 2007 Saturn Sky by Plaintiffs?

        YES          NO

*Regardless of your answer to Question 6, proceed to Question 7.*

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

**As to Mr. Barthelemy:**

7.  Did Mr. Barthelemy prove by a preponderance of the evidence that there was actual damage to his person or property?

    YES _____     NO _____

    *If you answered "Yes," then proceed to Question 8.  If you answered "No," then proceed to Question 10 on Page 4 (Damages).*

8.  Did Mr. Barthelemy prove by a preponderance of the evidence that the injury or damage he suffered was proximately caused by a characteristic of Ms. Spain's 2007 Saturn Sky that made it unreasonably dangerous and existed at the time the product left Old GM's control?

    YES _____     NO _____

    *If you answered "Yes," then proceed to Question 9.  If you answered "No," then proceed to Question 10 on Page 4 (Damages).*

9.  Did Mr. Barthelemy prove by a preponderance of the evidence that the injury he suffered arose from a reasonably anticipated use of Ms. Spain's 2007 Saturn Sky by Plaintiffs?

    YES _____     NO _____

    *Regardless of your answer to Question 9, proceed to Question 10 on Page 4 (Damages).*

    **[REST OF PAGE LEFT INTENTIONALLY BLANK]**

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

## DAMAGES

***You should complete this Section ONLY if you answered "Yes" to Question 6 OR Question 9. If you answered "No" to BOTH of those Questions, then proceed to the signature page.***

**As to Ms. Spain:**

10. If, but ONLY if, you answered "Yes" to Question 6, then you should decide on a dollar amount that will compensate Ms. Spain for the damages caused to her.  Ms. Spain proved by a preponderance of the evidence that her damages totaled:


    $ _____


    ***Regardless of your answer to Question 10, proceed to Question 11.***

**As to Mr. Barthelemy:**

11. If, but ONLY if, you answered "Yes" to Question 9, then you should decide on a dollar amount that will compensate Mr. Barthelemy for the damages caused to him. Mr. Barthelemy proved by a preponderance of the evidence that his damages totaled:


    $ _____


    ***Regardless of your answer to Question 11, proceed to the next page.***

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

4

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

**Contributory Fault:**

12. Did GM LLC prove by a preponderance of the evidence that Ms. Spain was negligent in the operation of her car on January 24, 2014?

        YES           NO

        *If you answered "Yes," then proceed to Question 12.  If you answered "No," then proceed to the signature page.*

13. Did GM LLC prove by a preponderance of the evidence that any damages to Ms. Spain or Mr. Barthelemy were caused in part by the contributing fault of Ms. Spain?

        YES           NO

        If yes, what percentages of the fault do you attribute to Old GM and to Ms. Spain? (The total of the combined fault must equal 100%.)

                Old GM:                        _____%

                Ms. Spain:                   _____%

                      (Total Must Equal 100%)

        *Regardless of your response to Question 13, proceed to the signature page.*

                **[REST OF PAGE LEFT INTENTIONALLY BLANK]**

5

Barthelemy and Spain v. General Motors LLC
14-CV-5810
Verdict Form

## SIGNATURES

***Sign your names in the space provided below, fill in the date and time, and inform the Court Security Officer — with a note, <u>not</u> the Verdict Form itself — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

_____        _____

_____        _____

_____        _____

_____        _____

Date and Time:        _____